■ In the Matter of JOSEPH DeFALCO, Petitioner, v GERALD DOETSCH et al., Respondents. [617 NYS2d 415] —Yesawich Jr., J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to, *inter alia,* remove respondents from public office in the Town of Delaware, Sullivan County.

Petitioner, a property owner in the Town of Delaware, Sullivan County, brought this proceeding in November 1992 seeking to have respondents removed from their respective Town offices. At that time, respondent Donald Meckle was a Town Tax Assessor and respondent Richard Ferber was Chair of the Tax Assessors; respondents Gerald Doetsch, William Diehl, Michael Henke, and Carl Rosenberger were members of the Town Board. Diehl had also served as an Assessor for a number of years prior to being elected to serve on the Town Board commencing in 1992. Petitioner alleges that respon-

dents committed serious improprieties and acts of misconduct in connection with a revaluation and reassessment of all property in the Town, undertaken in late 1990 and 1991, and in the ensuing process of resolving the disputes of taxpayers who believed themselves aggrieved as a result of the reassessments. Respondents are also accused of misdeeds stemming from attempts to cover up their previous transgressions and to interfere with a Federal investigation of the matter.

After a lengthy hearing, the Referee submitted to this Court a comprehensive and carefully detailed report containing specific factual findings. Petitioner now moves for confirmation of the report and an order removing respondents from office pursuant to Public Officers Law § 36. Respondents oppose the motion, urging that many of the Referee's findings are contradicted by the evidence, and that the remainder constitute insufficient grounds for removal. They have also cross-moved for dismissal of the proceeding, as moot, insofar as it is directed at Henke and Rosenberger, who no longer hold public office, and for disaffirmance of certain of the Referee's findings that pertain to matters of defamation.

Petitioner suggests that it would be injudicious to dismiss the proceeding against Henke and Rosenberger, and asks this Court instead to make findings of misconduct which could then be raised against these respondents should they seek reelection. To do so would improperly add aspects of punishment to this proceeding (see, Matter of Newman v Strobel, 236 App Div 371, 373) and would represent nothing more than a pointless exercise, for such findings are not a bar to reelection (see, 1979 Opns St Comp No. 79-588, at 112). The proceeding is therefore dismissed, as moot, insofar as it seeks removal of Meckle,* Henke and Rosenberger (see also, Matter of Becher v Case, 243 App Div 728).

As for Doetsch, Diehl and Ferber, after weighing the testimony and other evidence presented at the hearing, we find that petitioner has established a pattern of intentional and reckless wrongdoing, breach of trust and abuse of authority sufficient to warrant the relief requested in the petition (see, e.g., Matter of Swope v Kean, 71 AD2d 972; cf., Matter of Deats v Carpenter, 61 AD2d 320, 322). At the outset, it bears noting that the testimony discloses several instances where directly contradictory assertions made it necessary to credit one wit-

---

* Noting that Meckle had resigned prior to the beginning of the hearing, petitioner did not put forth any evidence against him, and has registered no objection to dismissal of the petition to the extent that it relates to Meckle.

ness's testimony over that of another. As to those, we adopt, as our own, the Referee's finding that Doetsch, Diehl and Ferber, who obviously had the most at stake in this proceeding and were often evasive or contradicted their own previous testimony, were less credible than the other witnesses.

With this in mind, it is clear that Doetsch, Diehl and Ferber improperly attempted to, and did in fact, influence the Town Board of Assessment Review to alter certain decisions it had made, after considering the owners' grievances, with respect to properties in petitioner's development. We also find that the testimony and exhibits, taken together, demonstrate that Ferber made at least some of the "red ink" changes to the tentative assessment roll after May 1, 1991, without following the procedure set forth in RPTL 552 (see, Niagara Mohawk Power Corp. v Town of Onondaga, 96 AD2d 1138, 1139 [Boomer, J., dissenting], revd on dissenting mem below 63 NY2d 786), despite having been informed that it was improper to do so.

Beyond that, we find that Ferber and Diehl engaged in inexcusable self-dealing, by deliberately adjusting the preliminary values assigned by Finnegan Associates—the consulting firm retained by the Town to revalue real estate in the Town —so that their own properties, and those of their friends and relatives, were ultimately assessed well below market value, while the properties in petitioner's development were assessed at a level that was undeniably above market value. This favoritism represents a flagrant abuse of the power conferred upon an Assessor, as well as a reprehensible breach of trust and, without more, constitutes justification for removing an Assessor from office.

Moreover, Doetsch and Diehl, as Town Board members, acted improperly by removing the Town Attorney from office prior to the expiration of his term (see, Town Law § 24; Matter of Sullivan v Taylor, 279 NY 364, 369; Matter of Whelan v Pitts, 150 AD2d 380, 381), and also by participating in several meetings of the Town Board that were held in private, without notice, and for which no minutes were kept (see, Public Officers Law § 100 et seq.). While in some circumstances these actions might not warrant removal, the record as a whole demonstrates that they were not simply isolated mistakes, the product of inexperience, but rather the result of these two respondents' willingness to completely ignore proper procedure, as well as the welfare of the Town in general. A particularly egregious example of this attitude is found in Doetsch's arbitrary refusal to even consider settling the tax

certiorari proceedings brought by owners in petitioner's subdivision, on any terms, regardless of the considerable cost that would be incurred by the Town were that litigation to proceed.

Further evidence of these two respondents' wholesale disregard for the rights of others, including those they were elected to serve, is illustrated by their actions in drafting and sending a letter, containing numerous allegations of conspiracy and wrongdoing on the part of the Town Supervisor, petitioner and a postal inspector who had been involved in a pending investigation of respondents' activities, to the United States Attorney and the United States Postal Service. This letter was apparently intended to either interdict the investigation or effect the inspector's discharge. As respondents, in their brief, correctly note, inasmuch as they have had no opportunity to prove the truth of the allegations contained in the letter, it would be unfair to conclude that those statements were actually false. Nevertheless, the evidence before us suggests that the Town Board members who signed the letters were exceedingly reckless with regard to the truth or falsity of the serious accusations they leveled, for they appear to have acted wholly on the basis of suspicion and surmise, without making any attempt to verify the matters asserted.

Lastly, given that the Referee's report in this case was intended only to inform the conscience of the Court (see, CPLR 4320; *Matter of Barnum v Goes,* 240 App Div 803; *People ex rel. Haile v Brundage,* 195 App Div 745, 746), our decision should not be construed as either accepting or rejecting those portions of the report that are not expressly adopted herein.

Crew III, J. P., Casey and Peters, JJ., concur. Adjudged that the motion by petitioner is partially granted, without costs, and respondents William Diehl, Gerald Doetsch and Richard Ferber are hereby removed from their respective public offices. Adjudged that the petition is dismissed, as moot, with regard to respondents Michael Henke, Donald Meckle and Carl Rosenberger, without costs.