■ In the Matter of PATRICIA A. GUMO, Petitioner, v JOSEPH CANZONERI et al., Respondents. [693 NYS2d 618] —On the Court's own motion, it is

Ordered that its unpublished decision and order on motion dated June 1, 1999, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Motion by the respondents for reargument of a proceeding, *inter alia,* pursuant to Public Officers Law § 36 to remove the respondents from public office in the Village of Malverne, Nassau County, which was determined by decision, order, and judgment of this Court dated April 19, 1999.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the unpublished decision, order, and judgment of this Court dated April 19, 1999, is recalled and vacated and the following decision, order, and judgment is substituted therefor:

Proceeding, *inter alia,* pursuant to Public Officers Law § 36, to remove the respondents from public office in the Village of Malverne, Nassau County.

Adjudged that the petition as against the respondents Joseph

Canzoneri, Catherine Hunt, Gail Wakefield, Peter Zullo, Ben Leonardi, and Helen Frankie Herman is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing to take testimony and report findings thereon to this Court. The Supreme Court shall file its report with all convenient speed.

The petition must be dismissed insofar as asserted against the respondents Joseph Canzoneri, Ben Leonardi, Peter Zullo, and Helen Frankie Herman, the former Mayor, the former Superintendent of the Department of Public Works, the former Village Attorney, and the former Village Clerk, respectively, of the Incorporated Village of Malverne, and insofar as asserted against the respondents Catherine Hunt and Gail Wakefield, former Trustees of the Incorporated Village of Malverne, since these individuals no longer occupy public office (see, Matter of Monaco v Staniszewski, 190 AD2d 1087).

The materials submitted together with the petition reflect a pattern of routine disregard of mandates of the law and procedure. Such conduct is suggestive of a gross dereliction or intentional disregard of duties that could justify removal pursuant to Public Officers Law § 36 (see, Matter of DeFalco v Doetsch, 208 AD2d 1047; 1982 Opns St Comp No. 82-252). Accordingly, we refer the matter to the Supreme Court, Queens County, to more fully report on each of the allegations of wrongdoing contained in the petition. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.