Gary T. Kropkowski Informal Opinion Village Attorney No. 2005-1 Village of Brewster 470 North Main Street Brewster, New York 10509
Dear Mr. Kropkowski:
You have requested an opinion regarding whether a village trustee may order the village clerk to take, publish, and make available to the public minutes of the meetings of the board of trustees. We are of the opinion that under the Village Law an individual trustee may not order the village clerk to perform these tasks.
The mayor is the chief executive officer of a village and is responsible for "exercis[ing] supervision over the conduct of the police and other subordinate officers of the village." Village Law § 4-400(1)(e). Moreover, the village clerk performs his or her duties "subject to the direction and control of the mayor." Village Law § 4-402. Thus, the mayor, not the board nor individual trustees, has the power to supervise the day-to-day activities of the clerk.
Historically, this was not always true. Prior to 1972, the village clerk statutorily acted "subject to the direction and control of the board of trustees." Former Village Law § 82 (repealed by Act of March 7, 1972, ch. 892, § 1, 1972 McKinney's N.Y. Laws 2739). The state Legislature, increasing the power of village mayors, amended the Village Law to make the clerk subject to the direction and control of the mayor instead. See Act of March 7, 1972, ch. 892, § 3, 1972 McKinney's N.Y. Laws 2764; Letter from John J. Sauerwald, Director, New York Office for Local Government, to Michael Whiteman, Counsel to the Governor, (May 30, 1972), at 2,reprinted in Bill Jacket for ch. 892. Clearly, with this amendment, the Legislature intended to move control over the clerk's day-to-day activities from the board to the mayor.
Under the Village Law, the clerk is responsible for keeping records of the proceedings of the village board and making these records available to the public. Village Law § 4-402(b), (e). Because these tasks fall within the day-to-day activities of the clerk, the mayor has the authority to order the clerk to fulfill them. It follows that individual trustees do not have the power to issue these orders.
A trustee who believes that the village clerk is failing to perform the clerk's duties may, in his or her capacity as a resident of the village, apply to the Appellate Division for removal of the clerk under Public Officers Law § 36. See Matter ofGumo v. Canzoneri, 263 A.D.2d 456, 457 (2d Dep't 1999) (noting that "a pattern of routine disregard of mandates of the law and procedure" could justify removal under Public Officers Law § 36); 1978 Op. Att'y Gen. (Inf.) 197 (member of town board, but not board itself, may make application for officer's removal). Alternatively, the board of trustees may commence an Article 78 proceeding against the clerk to compel the performance of statutory duties. See CPLR § 7803(1); Matter of Board of Educationv. Russo, 283 A.D.2d 490 (2d Dep't 2001) (board of education properly sought relief via proceeding pursuant to C.P.L.R. §7803(1) because relief sought was to compel performance of statutory duties).
We are of the opinion, however, that under Village Law §§4-400(1)(e) and 4-402, the mayor — rather than individual trustees — has the power to order the clerk to take minutes of board meetings, publish them, and make them available to the public.
The Attorney General renders formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions By: BENJAMIN N. GUTMAN Assistant Solicitor General
[*]We have previously discussed with you the possibility of superceding these provisions of the Village Law by local law and thus do not address that topic herein. See generally Rozler v.Frangler, 61 A.D.2d 46 (4th Dep't), aff'd, 46 N.Y.2d 760 (1978);cf. Op. Att'y Gen. (Inf.) No. 95-55 (village board may transfer from board to village manager power to conduct disciplinary proceedings against police officers).