In the Matter of GEOFFREY J. HART, Petitioner, v TRUMANSBURG BOARD OF TRUSTEES et al., Respondents. [838 NYS2d 246]—

Mercure, J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove certain respondents from various offices in the Village of Trumansburg, Tompkins County.

Petitioner, a resident of the Village of Trumansburg, Tompkins

County, commenced this proceeding seeking to remove respondents John Levine, John Hrubos and Rose Hilbert (hereinafter collectively referred to as respondents) as Village Trustees. Petitioner's grievance arises from actions of respondent Trumansburg Board of Trustees (hereinafter the Board) regarding the proposed location of a skateboard park in the Village. Specifically, petitioner takes issue with the Board's return to open session after going into executive session during its September 2006 meeting and, on the record but in the absence of any members of the public, withdrawing its informal, preliminary approval for the skateboard park at a location discussed with members of the public earlier. Petitioner claims that the Board failed to note its change of position in its minutes or notify the public of a change in the planned date of its next meeting, in October 2006, at which the Board, in open session, formally voted to preliminarily approve another site for the park.* Petitioner alleges that, by this conduct, respondents violated the Open Meetings Law (*see* Public Officers Law art 7), conspired to withhold information from the public in violation of the public trust, and engaged in a pattern of gross dereliction of duty. Respondents move to dismiss the petition for failure to state a claim.

Removal from office under Public Officers Law § 36 is a drastic remedy " 'reserved for malicious and corrupt acts as compared to minor neglect of duties, administrative oversights and violations of law' " (*Matter of Chandler v Weir*, 30 AD3d 795, 796 [2006], quoting *Matter of West v Grant*, 243 AD2d 815, 816 [1997]; *Matter of Miller v Balland*, 7 AD3d 916, 917 [2004]). Here, the misconduct alleged by petitioner essentially consists of the Board returning to open session following executive session and failing to properly notify the public of the changed date of the October 2006 meeting. We note that petitioner presents no evidence in support of the latter allegation. In any event, even assuming that respondents' conduct constituted a violation of the Open Meetings Law, these allegations do not rise to the level of "unscrupulous conduct or gross dereliction of duty . . . [or] connote a pattern of misconduct and abuse of authority" justifying removal (*Matter of McCarthy v Sanford*, 24 AD3d 1168, 1169 [2005] [internal quotation marks and citations omitted]; *see Matter of Chandler v Weir, supra* at 796; *Matter of Miller v Balland, supra* at 917; cf. *Matter of DeFalco v Doetsch*, 208 AD2d 1047, 1049-1050 [1994]).

Finally, we note that inasmuch as Rose Hilbert's term expired on March 31, 2007 and she did not seek reelection, this matter

---

* The Board later rescinded this approval at its January 2007 meeting.

is moot with respect to her (*see Matter of DeFalco v Doetsch, supra* at 1048).

Cardona, P.J., Peters, Rose and Lahtinen, JJ., concur. Adjudged that the motion to dismiss is granted, without costs, and petition dismissed.