In a proceeding pursuant to CPLR article 78 to review a determination of John Fitzpatrick, the Mayor of the Village of Tuckahoe, dated November 13, 2009, which, after a hearing, found the petitioners Kevin McBride and Phillip White guilty of inefficiency, neglect of duty, and misconduct in their positions as Commissioners of the Tuckahoe Housing Authority and removed them from their posts, and to compel the Village of Tuckahoe to conduct a name-clearing hearing, the Village of Tuckahoe and John Fitzpatrick appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Holdman, J.), entered October 27, 2010, as granted the petition to the extent of annulling the determination on the ground that John Fitzpatrick was not an impartial hearing officer and remitted the matter to John Fitzpatrick for the appointment of an impartial hearing officer to conduct a de novo hearing.
Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the petition which was to annul the determination on the ground that John Fitzpatrick was not an impartial hearing officer is denied as academic, that branch of the petition which was to compel the Village of Tuckahoe to conduct a name-clearing hearing is denied, and the proceeding is dismissed.
The petitioners Kevin McBride and Phillip White (hereinafter together the petitioners), along with Anthony DeCintio, commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination of John Fitzpatrick, the Mayor of the Village of Tuckahoe, removing McBride and White *888 from their positions as Commissioners of the Village of Tuckahoe Housing Authority (hereinafter THA) and, thereafter, to reinstate McBride and White to those positions. Charges of inefficiency, neglect of duty, and misconduct were preferred by Fitzpatrick against McBride and White as a consequence of an Audit Report issued by the United States Department of Housing and Urban Development (hereinafter HUD), which identified weaknesses in THA’s management and operations. The petitioners claim that Fitzpatrick, who presided over the removal hearing, was biased against them. The Supreme Court granted the petition to the extent of annulling the determination on the ground that Fitzpatrick was not an impartial hearing officer and directed Fitzpatrick to appoint an impartial hearing officer to conduct a de novo hearing, based upon the finding that Fitzpatrick’s failure to recuse himself as the hearing officer violated the petitioners’ due process right to a fair hearing.
Although Fitzpatrick should have recused himself from presiding over the removal hearing, the petition has been rendered academic to the extent that it seeks a judgment annulling his determination dated November 13, 2009, to remove the petitioners from office, since the petitioners’ terms expired prior to the submission of this appeal, and they no longer hold public office (cf. Matter of Gumo v Canzoneri, 263 AD2d 456 [1999]). Similarly, so much of the judgment as remitted the matter to Fitzpatrick for the appointment of an impartial hearing officer to conduct a de novo hearing has been rendered academic by the expiration of the petitioners’ terms of office.
Contrary to the petitioners’ argument, they have not established an exception to the mootness doctrine. The petitioners have failed to show, and the record does not demonstrate, that the process involved in the removal of THA Commissioners is a phenomenon typically evading review or that there are substantial and novel issues raised herein (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707 [1980]; Matter of Field v Stamile, 85 AD3d 1164 [2011]). Furthermore, despite the petitioners’ contention that the Village and Fitzpatrick are attempting to thwart the remedial purpose that underlies the instant CPLR article 78 proceeding, the petitioners have failed to establish that the Village and Fitzpatrick deliberately delayed this matter so as to allow the petitioners’ terms to expire, and thereby foreclose judicial review.
The expiration of the petitioners’ terms of office does not, however, preclude the petitioners from exercising their right to seek a name-clearing hearing upon a showing that Fitzpatrick created and disseminated a false and defamatory impression *889 about them in connection with their removal (see Matter of Lentlie v Egan, 61 NY2d 874, 875 [1984]). As such, the petitioners also sought such relief in their petition.
The petitioners contend that Fitzpatrick focused only on those Commissioners of the THA that had been appointed by his predecessor as mayor, rather than elected by public housing tenants, and that this focus tended to create an impression that those specific Commissioners of the THA, including the petitioners, were guilty of misconduct. However, the alleged misconduct constituted, at best, “individual or isolated instances of bad judgment or incompetent performance of duties, correctable by learning from one’s mistakes, which are not stigma[s] of constitutional proportions” entitling the petitioners to a name-clearing hearing (Matter of Swinton v Safir, 93 NY2d 758, 763 [1999] [internal quotation marks omitted]; see Matter of Petix v Connelie, 47 NY2d 457 [1979]). Furthermore, there is no indication that any of Fitzpatrick’s findings or comments made to the media were false since they were based upon the problems identified in the HUD Audit Report (see generally Matter of Engoren v County of Nassau, 163 AD2d 520 [1990]). Instead of directly disputing the charges, the petitioners largely argue that THA’s former executive director and THA’s attorney should be made to answer for the identified problems. Thus, the petitioners have not demonstrated their entitlement to a name-clearing hearing.
In view of the foregoing, we need not address the parties’ remaining contentions. Angiolillo, J.E, Lott, Austin and Cohen, JJ., concur.