In the Matter of SUZANNE PAPKE et al., Petitioners, v PETER M. DOLAN, Town of Tuxedo Supervisor, Respondent. [982 NYS2d 915]——

Proceeding pursuant to Public Officers Law § 36, inter alia, to remove the respondent, Peter M. Dolan, from public office in the Town of Tuxedo, Orange County.

Adjudged that so much of the petition as sought to remove the respondent, Peter M. Dolan, from public office in the Town of Tuxedo, Orange County, is dismissed as academic, without costs or disbursements; and it is further,

Adjudged that so much of the petition as sought an award of an attorney's fee is denied, and that portion of the proceeding is dismissed, without costs or disbursements.

So much of the petition as sought to remove the respondent, Peter M. Dolan, from public office in the Town of Tuxedo, Orange County, must be dismissed, since Dolan no longer holds public office (*see Matter of Gumo v Canzoneri*, 263 AD2d 456, 457 [1999]; *Matter of Campisi Scelba*, 211 AD2d 633 [1995]).

The petitioners are not entitled to an award of an attorney's fee in connection with this proceeding. "Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]; *see Pickett v 992 Gates Ave. Corp.*, 114 AD3d 740 [2014]). There is no statutory provision or court rule permitting an award of an attorney's fee in a proceeding to remove an official from public office, and there is no such agreement between the parties. Therefore, applying the general rule, the petitioners are not entitled to such an award, and that portion of their petition must be denied. Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.