*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 30, 2014                    517973
_____

In the Matter of GLENDA
    KALODUKAS et al.,
                    Petitioners,

        v                                    MEMORANDUM  AND  JUDGMENT

MARK BERENTSEN, as Mayor of
    the Village of Bloomingburg,
                    Respondent.
_____

Calendar Date:   September 2, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

_____

        Montalbano, Condon & Frank, PC, New York City (Kurt E.
Johnson of counsel), for petitioners.

        Nixon Peabody, LLP, Albany (Leah Threatte Bojnowski of
counsel), for respondent.

_____

Stein, J.

        Proceeding initiated in this Court pursuant to Public
Officers Law § 36 to remove respondent from the office of Mayor
of the Village of Bloomingburg.

        Petitioners, citizen residents of the Village of
Bloomingburg in Sullivan County, commenced the instant proceeding
in this Court pursuant to Public Officers Law § 36, seeking to
remove respondent from the office of Mayor and alleged, among
other things, that he violated General Municipal Law article 18.
Respondent now moves to dismiss the petition arguing, among other
things, that the proceeding is moot, based upon the fact that he
was unsuccessful in his bid for reelection and no longer holds

the office of Mayor.  We agree.

Pursuant to Public Officers Law § 36 and as relevant here, a village officer may be removed from office for "misconduct, maladministration, malfeasance or malversation in office" upon an application brought in this Court.  On March 19, 2014, respondent lost his bid for reelection and no longer holds the public office from which petitioners seek to remove him; thus, the proceeding is undoubtably moot (see Matter of Papke v Dolan, 116 AD3d 779, 779 [2014]; Matter of Warren v Bielecki, 92 AD3d 1244, 1244 [2012]; Matter of Hart v Trumansburg Bd. of Trustees, 41 AD3d 1025, 1026-1027 [2007]; Matter of McCoach v Maine, 247 AD2d 784, 784 [1998]).  We reject petitioners' assertion that the petition is not moot because an additional remedy flows from this proceeding, namely voiding certain actions by respondent while he was Mayor.  Inasmuch as such a collateral challenge to the validity of respondent's actions is not properly raised in a removal proceeding — the sole purpose of which is "to enable a town or village to rid itself of an unfaithful or dishonest public official" (Matter of Miller v Filion, 304 AD2d 1016, 1017 [2003] [internal quotation marks and citations omitted]; see Matter of Greco v Jenkins, 118 AD3d 1248, 1249 [2014]) — no valid issues remain and the proceeding is moot.[1]  Accordingly, respondent's motion to dismiss for failure to state a cause of action is academic.

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

---

[1]  To the extent that petitioners assert that respondent's removal would prevent him from holding public office in the future, we note that findings against an official in a removal proceeding are not a bar to reelection (see Matter of DeFalco v Doetsch, 208 AD2d 1047, 1048 [1994]; compare NY Const, art VI § 22 [h] ["A judge or justice removed by the [C]ourt of [A]ppeals shall be ineligible to hold other judicial office."]).

ADJUDGED that the motion to dismiss is granted, with costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court