Stein, J.
Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Mayor of the Village of Bloomingburg.
Petitioners, citizen residents of the Village of Bloomingburg in Sullivan County, commenced the instant proceeding in this Court pursuant to Public Officers Law § 36, seeking to remove respondent from the office of Mayor and alleged, among other *1477 things, that he violated General Municipal Law article 18. Respondent now moves to dismiss the petition arguing, among other things, that the proceeding is moot, based upon the fact that he was unsuccessful in his bid for reelection and no longer holds the office of Mayor. We agree.
Pursuant to Public Officers Law § 36 and as relevant here, a village officer may be removed from office for “misconduct, maladministration, malfeasance or malversation in office” upon an application brought in this Court. On March 19, 2014, respondent lost his bid for reelection and no longer holds the public office from which petitioners seek to remove him; thus, the proceeding is undoubtably moot (see Matter of Papke v Dolan, 116 AD3d 779, 779 [2014]; Matter of Warren v Bielecki, 92 AD3d 1244, 1244 [2012]; Matter of Hart v Trumansburg Bd. of Trustees, 41 AD3d 1025, 1026-1027 [2007]; Matter of McCoach v Maine, 247 AD2d 784, 784 [1998]). We reject petitioners’ assertion that the petition is not moot because an additional remedy flows from this proceeding, namely voiding certain actions by respondent while he was Mayor. Inasmuch as such a collateral challenge to the validity of respondent’s actions is not properly raised in a removal proceeding — the sole purpose of which is “to enable a town or village to rid itself of an unfaithful or dishonest public official” (Matter of Miller v Filion, 304 AD2d 1016, 1017 [2003] [internal quotation marks and citations omitted]; see Matter of Greco v Jenkins, 118 AD3d 1248, 1249 [2014]) — no valid issues remain and the proceeding is moot.* Accordingly, respondent’s motion to dismiss for failure to state a cause of action is academic.
Lahtinen, J.P, McCarthy, Rose and Devine, JJ., concur.
Adjudged that the motion to dismiss is granted, with costs, and petition dismissed.

 To the extent that petitioners assert that respondent’s removal would prevent him from holding public office in the future, we note that findings against an official in a removal proceeding are not a bar to reelection (see Matter of DeFalco v Doetsch, 208 AD2d 1047, 1048 [1994]; compare NY Const, art VI, § 22 [h] [“A judge or justice removed by the (C)ourt of (A)ppeals shall be ineligible to hold other judicial office”]).