In the Matter of JAMES J. DEATS, Petitioner, v GEORGE H. CARPENTER et al., Respondents.

Third Department, March 9, 1978

APPEARANCES OF COUNSEL

*Donald A. Levinger* for petitioner.

*Burns & O'Mara (John F. O'Mara* of counsel), for George H. Carpenter, respondent.

*Sayles, Evans, Brayton, Palmer & Tifft (James F. Young* of counsel), for Samuel E. Criss and others, respondents.

*Thomas J. Spargo* for Jacqueline P. Baker, respondent.

### OPINION OF THE COURT

LARKIN, J.

On December 14, 1976, a petition was filed with the Town Board of the Town of Southport, Chemung County, pursuant to the provisions of section 81 of the Town Law seeking a special town election to increase the number of councilmen from four to six, and to establish the ward system for election in the town (Town Law, § 81, subd 2, pars [a], [b]). On December 28, 1976, the town adopted a resolution scheduling the special election for January 18, 1977.

One copy of the notice of election was timely posted by respondent, Jacqueline P. Baker, on the sign board of the town. A copy of the notice of election was submitted by respondent, Baker, to the *Elmira Star-Gazette,* a newspaper of general circulation in the Town of Southport, with instructions to publish the notice on or before January 7, 1977.

Respondent, George H. Carpenter, on January 6, 1977, instructed the Chemung County Board of Elections to stop preparations for the election, and respondent, Baker, to cancel publication of the legal notice. Respondent, Baker, did telephone the newspaper and, as a result, the legal notice was not published. Respondent, Carpenter, publicly stated on January 6, 1977 that he canceled "the thing because I just think it is ridiculous to spend the taxpayers' money to hold a special election."

An article 78 proceeding was commenced to mandamus a special election and, on June 9, 1977, Special Term directed that the special election be held and, on August 16, 1977, such special election was held in the Town of Southport, and the proposals to increase the number of councilmen and for the creation of a ward system were defeated by a margin of over two to one. At the general election held on November 8, 1977, respondents, Carpenter and Baker, were re-elected to their respective offices by margins of better than two to one for another four-year term of office.

Section 36 of the Public Officers Law provides that any town officer may be removed for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal shall be made to the Appellate Division of the Judicial Department in which such town is located.

Respondent, Carpenter, contends that the petition alleges only one isolated act by him which was contrary to the Town Law, and that there are no allegations of criminal acts, moral turpitude or corruption. He further contends that, during the general election campaign of 1977, the voters were fully informed of the allegations against him and, nevertheless, he was re-elected to office. He also argues that, since the proposals at the special election were defeated by a margin of two to one, there was no prejudice in the delay in the special election.

Respondent, Baker, urges that she performed her duties as Town Clerk relative to the notice for the special election and posting of the notice and the submission of the notice for publication.

The petition contains no allegations of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust.

Section 36 of the Public Officers Law was enacted to "enable a town or village to rid itself of an unfaithful or dishonest public official". The statute was intended to improve public service and not to punish the offender (*Matter of Newman v Strobel,* 236 App Div 371, 373).

Generally, where the charges are not based on any malicious or corrupt acts, but rather for minor neglect of duties, administrative oversights, or violations of law, the courts have declined to remove the public official (*Matter of Pisciotta v Dendievel,* 41 AD2d 949; *Matter of Nappi v Ambro,* 34 AD2d 979; *Matter of Luce v Beiter,* 239 App Div 23).

While we do not condone it, the respondents' conduct, justifiably subject to criticism, is not such as to merit the condemnation of removal. Accordingly, the motions for summary judgment should be granted.

The motions should be granted and the petition dismissed, without costs.

SWEENEY, J. P., KANE and HERLIHY, JJ., concur; STALEY, JR., J., not taking part.

Motions granted and petition dismissed, without costs.