■ In the Matter of WILLIAM MORIN et al., Petitioners, v WILLIAM F. GALLAGHER, as Supervisor of the Town of Harrietstown, Franklin County, Respondent. [633 NYS2d 632] —Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Town Supervisor of the Town of Harrietstown, Franklin County.

Petitioners, residents of the Town of Harrietstown, Franklin County, commenced this proceeding to remove respondent from his position as Town Supervisor. Petitioners allege that (1) respondent neglected to properly post notice of several special meetings of the town board, and to properly notify the town board members of these meetings, (2) at one such meeting respondent authorized a Federal grant application and reserved the authority to commit matching funds on the town's behalf should the application be approved, and (3) respondent allowed certain town residents to obtain an improper zoning variance and interfered with the zoning officer's performance of her duties with respect to said variance. Respondent denies these

allegations and moves to dismiss the petition on the ground, *inter alia*, that the petition fails to state a cause of action. We grant respondent's motion.

The allegations contained in the petition, even if accepted as true, do not rise to the level required for removal from office. Courts have consistently refused to remove officials from office pursuant to Public Officers Law § 36 absent "allegations of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust" (*Matter of Deats v Carpenter*, 61 AD2d 320, 322; *see, Matter of Smith v Perlman*, 105 AD2d 878; *Matter of Greco v MacLean*, 99 AD2d 810, 811). The allegations set forth here are not of this magnitude, but rather involve, at most, "minor neglect of duties, administrative oversights, or violations of law", which do not, in general, warrant removal (*Matter of Deats v Carpenter, supra*, at 322). Accordingly, we conclude that the petition fails to state a cause of action and must be dismissed. In addition, we conclude that an award of sanctions against petitioners, as requested by respondent, is not warranted in this instance.

Crew III, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the motion to dismiss is granted and the petition is dismissed, with $100 costs.