■ SHIRLEY FELDBERG, Petitioner, v ROBERT FRIEDLAND, as Mayor of the Village of Monticello, Respondent. [633 NYS2d 847] —Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Mayor of the Village of Monticello, Sullivan County.

Petitioner, a resident of the Village of Monticello, commenced this proceeding to remove respondent from his position as Mayor of the Village of Monticello. The allegations center primarily on two telephone conversations between respondent and the village Police Chief, wherein respondent asked the Police Chief to give respondent's son a job on the village police force. The Police Chief refused to do so, citing the low score respondent's son achieved on the qualifying examination and the need to hire minorities to augment the predominantly white police force. Apparently, unhappy with this response, respondent made several inappropriate remarks during the second telephone conversation. He reminded the Police Chief that he had helped to get the Police Chief hired, and he commented to the effect that he did not care about minorities and that "the white middle-class person doesn't have a chance here". This conversation took place on a taped telephone line, and the recording has since been made public.

Although respondent does not deny making these statements, he moves to dismiss the petition on the ground that it fails to state a cause of action.

Respondent correctly contends that his misconduct does not rise to the level necessary to precipitate removal from office under Public Officers Law § 36. In general, courts have been reluctant to remove public officials from office for acts not involving "allegations of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust" (*Matter of Deats v Carpenter*, 61 AD2d 320, 322). Most often, such acts involve misappropriation of public funds (*see, e.g., Matter of Phillips v Dally*, 143 AD2d 273; *Matter of Abare v Hatch*, 21 AD2d 84), gross dereliction of duty (*see, Matter of Williams v Travis*, 194 AD2d 969), or a pattern of misconduct and abuse of authority (*see, e.g., Matter of DeFalco v Doetsch*, 208 AD2d 1047; *see, Matter of Swope v Kean*, 71 AD2d 972). Here, respondent's conduct, and his racial references, while disgraceful, do not amount to the sort of self-dealing or violation of the public trust contemplated by Public Officers Law § 36. Thus, the petition fails to state a cause of action and must be dismissed. In addition, we conclude that an award of sanctions against petitioners, as requested by respondent, is not warranted in this instance.

Mikoll, J. P., Mercure, Crew III, White and Casey, JJ., concur. Ordered that the motion to dismiss is granted and the petition is dismissed, with $100 costs.