In the Matter of NANCY M. WEST et al., Petitioners, v VICTOR R. GRANT, as Supervisor of the Town of Lake Luzerne, Warren County, Respondent. [633 NYS2d 674] —Per Curiam. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Supervisor of the Town of Lake Luzerne, Warren County.

Petitioners, residents of the Town of Lake Luzerne, Warren County, commenced this proceeding seeking removal of respondent from his position as town supervisor. The petition alleges that respondent (1) had a conflict of interest with respect to insurance contracts between the town and an insurance agency owned by respondent, (2) improperly used town gasoline in his personal vehicle, (3) failed to institute a procedure whereby tipping fees collected at the town landfill would be remitted to the town clerk on a daily basis, (4) did not enforce the procedure whereby the Town Justice must give the town board an annual accounting of money received and disbursed, (5) indulged in improper expenditures of town funds, and (6) did not ensure that purchases of certain services by the town were not taxed. Respondent denies the allegations and moves to dismiss the petition on the ground, *inter alia*, that the petition fails to state a cause of action.

The allegations of the petition, if credited, would connote a pattern of misconduct and abuse of authority (*see, Matter of DeFalco v Doetsch*, 208 AD2d 1047; *Matter of Swope v Kean*, 71 AD2d 972). In particular, those allegations pertaining to respondent's interest in the town's insurance contracts and his use of town gasoline would constitute self-dealing and conflict of interest, precisely the types of misconduct contemplated by Public Officers Law § 36 (*see, Matter of Deats v Carpenter*, 61 AD2d 320, 321). Respondent's alleged interest in the town's insurance contracts would, if proven, constitute a violation of General Municipal Law § 803 (1). Furthermore, unauthorized use of town gasoline would, if proven, constitute larceny of public property, in itself a ground for removal from office (*see, Matter of Abare v Hatch*, 21 AD2d 84, 86). Thus, the petition states a cause of action. Respondent's remaining contentions have been examined and found to be without merit.

Crew III, J. P., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the motion to dismiss is denied, without costs.