■ In the Matter of JOHN SALVADOR, JR., et al., Petitioners, v PAUL H. NAYLOR, as Superintendent of Highways of the Town of Queensbury, Respondent. [635 NYS2d 769] —Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Superintendent of Highways of the Town of Queensbury, Warren County.

Petitioners, residents of the Town of Queensbury, Warren County, commenced this proceeding pursuant to Public Officers Law § 36 to remove respondent from his position as Town Superintendent of Highways. Petitioners allege, as grounds for removal, that respondent acted in derogation of his oath of office and of the State Highway Law by ordering the discontinuation of a portion of a certain town road. Petitioners contend that the closing of this road was illegal and demonstrated respondent's "lack of attention to the fine points of the Highway Law." Although respondent admits that he ordered the road closed, he denies that this action was improper and contends that it is not grounds for removal from office. Respondent moves, *inter alia*, to dismiss the petition for failure to state a cause of action. We grant respondent's motion.

The purpose of Public Officers Law § 36 is to " 'enable a town or village to rid itself of an unfaithful or dishonest public official' " (*Matter of Deats v Carpenter,* 61 AD2d 320, 322, quoting *Matter of Newman v Strobel,* 236 App Div 371, 373). Thus, to state a cause of action under this statute, a petition must contain " 'allegations of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust' " (*Matter of Morin v Gallagher,* 221 AD2d 765, quoting *Matter of Deats v Carpenter, supra,* at 322; *see, Feldberg v Friedland,* 221 AD2d 766; *Matter of Williams v Tra-*

*vis*, 194 AD2d 969; *Matter of Smith v Perlman*, 105 AD2d 878; *Matter of Greco v MacLean*, 99 AD2d 810).

Here, even accepting as true petitioners' allegations that respondent misconstrued the Highway Law, respondent's acts do not constitute the sort of unscrupulous conduct or gross dereliction of duty contemplated by Public Officers Law § 36. Accordingly, we conclude that the petition fails to state a cause of action and must be dismissed.

Mikoll, J. P., White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the motion to dismiss is granted and the petition is dismissed, with $100 costs and disbursements.