■ In the Matter of NANCY M. WEST et al., Petitioners, v VICTOR R. GRANT, as Supervisor of the Town of Lake Luzerne, Warren County, Respondent. [656 NYS2d 516] —Per Curiam. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Supervisor of the Town of Lake Luzerne, Warren County.

By decision dated November 21, 1996, this Court granted the motion of David B. Krogmann to withdraw as respondent's attorney. The decision further directed Krogmann and respondent Grant to show cause, by the filing of affidavits, why costs and sanctions pursuant to 22 NYCRR 130-1.1 should not be awarded against them in view of the circumstances giving rise to Krogmann's withdrawal as respondent's attorney (*Matter of West v Grant*, 233 AD2d 691).

After reviewing the affidavit submitted by Krogmann in which he explains the rationale for his motion to withdraw, it is determined that counsel has not engaged in frivolous conduct which would subject him to costs or sanctions under 22 NYCRR 130-1.1.

A different result, however, is reached with regard to respon-

dent Grant. Initially, it is noted that Grant has not submitted an affidavit on his own behalf as directed by the order to show cause contained in this Court's November 21, 1996 decision. Moreover, it was Grant's October 21, 1996 affidavit, stating for the first time that he intended to call Krogmann as a witness with regard to charges *other* than the 1984 land transaction, which prompted this Court to grant the withdrawal motion under constraint of DR 5-102 (A) of the Code of Professional Responsibility (22 NYCRR 1200.21 [a]). We deem this statement, which necessitated a change in respondent's counsel and resulted in delay and expense to petitioners, to have amounted to conduct "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]), especially when viewed in the context of previous assertions by respondent and Krogmann that the latter's testimony would not be required and that therefore no conflict existed.

We therefore grant petitioners' application and assess costs in the amount of $750 against respondent Grant to be paid to petitioners within 20 days of the date of this decision.

Crew III, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that petitioners' application is granted and costs in the amount of $750 are assessed against respondent Grant to be paid to petitioners within 20 days of the date of this decision.