(October 16, 1997)

■ In the Matter of NANCY M. WEST et al., Petitioners, v VICTOR R. GRANT, as Supervisor of the Town of Lake Luzerne, Warren County, Respondent. [662 NYS2d 863] —Spain, J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Supervisor of the Town of Lake Luzerne.

Petitioners, residents of the Town of Lake Luzerne in Warren County, commenced this proceeding seeking to remove respondent from his position as Town Supervisor. The petition alleges, *inter alia,* a conflict of interest involving the Town's use of respondent's wholly owned insurance agency to broker the Town's insurance coverage resulting in respondent's receipt of commissions, and an impropriety with respect to respondent's use of Town gasoline in his personal vehicle without accounting for its usage. Respondent has denied any improprieties. This matter, which has had a lengthy history (*see,* 221 AD2d 798; 231 AD2d 976; 233 AD2d 691; 238 AD2d 803), was referred to a Referee (231 AD2d 976) who, after a two-day hearing, reported his findings of fact to this Court. Petitioners now move, *inter alia,* for confirmation of the Referee's findings of fact and an order for the removal of respondent. Respondent has cross-moved for the adoption of his proposed findings of fact and dismissal of the petition.

In our view, the evidence presented at the hearing established a breach of trust and an abuse of authority sufficient to warrant respondent's removal from public office. Respondent has been the Town Supervisor since 1981. During his entire tenure, respondent's personally owned insurance agency brokered the Town's insurance with Travelers Insurance Company. Although another individual was the broker of record, respondent shared the commissions. Respondent was aware

prior to being elected that there was a conflict of interest; however, he contends that he did not think it was improper as long as it was done in the open. On November 3, 1995, respondent was convicted upon his plea of guilty to a violation of General Municipal Law §§ 801 and 805, a misdemeanor, for a willful and knowing violation of the conflict of interest provisions with respect to his personal interest in the Town's insurance business. The proof of respondent's conflict of interest involving his insurance agency and its brokerage of the Town's insurance is undisputed. Also undisputed is respondent's conviction in 1995 upon his plea of guilty. There is strong merit in petitioners' argument that the self-dealing nature and financial implications behind the long-standing conflict of interest, as well as its criminal nature and the willfulness involved, warrants the conclusion that respondent should be removed from office pursuant to Public Officers Law § 36, a remedy which is reserved for malicious and corrupt acts as compared to minor neglect of duties, administrative oversights and violations of law (*see, Matter of Salvador v Naylor*, 222 AD2d 931; *Matter of Deats v Carpenter*, 61 AD2d 320, 322).

Here, the facts establish a pattern of intentional wrongdoing involving self-dealing conflicts of interest which constitute a violation of the public trust and a continuing crime (*see, Matter of Morin v Gallagher*, 221 AD2d 765, 766; *Matter of Smith v Perlman*, 105 AD2d 878). The record clearly shows that the issue of the conflict of interest was brought to respondent's attention, respondent took steps to disguise the situation by having another broker named as the broker of record, respondent profited from the situation and respondent received lump-sum premium payments each January for payment to the insurance carrier in monthly installments thereafter. Respondent's conviction established that he "willfully and knowingly", thus intentionally, violated the conflict of interest provision of the General Municipal Law (*see*, General Municipal Law § 801 [1]; § 805). It is not a single incident (*see, Matter of Swope v Kean*, 71 AD2d 972), but reflects a continuing violation connoting a pattern of misconduct and abuse of authority (*see*, 221 AD2d 798, *supra*). The self-dealing and the financial rewards behind the years of respondent's intentional violations of the law supported in the record, and in the Referee's findings, reach a level more than sufficient to warrant respondent's removal from office (*see, Matter of Feldberg v Friedland*, 221 AD2d 766, 767; *see also, Matter of Deats v Carpenter, supra*, at 322). Accordingly, we confirm the Referee's finding of fact on the conflict of interest issue and conclude that respondent's conflict of interest warrants his removal from public office pursuant to Public

Officers Law § 36; the relief sought in the petition is hereby granted.

Next, we reject respondent's contention that he should not be removed because his conviction occurred and was well publicized prior to his last reelection. Respondent conveniently pleaded guilty on November 3, 1995 and was reelected as Town Supervisor on November 7, 1995; notably, he had no opponent. It is well settled that a public official may be removed from office for acts of malfeasance committed during a prior term of office (*see, Matter of Phillips v Dally*, 143 AD2d 273; *Matter of Abare v Hatch*, 21 AD2d 84, 86).

Finally, we reject petitioners' contention that respondent's gasoline usage was larceny. The Referee's findings do not support petitioners' charge. Respondent's use of Town gasoline was according to a methodology approved by the Town and was shown in the record to be cost effective for the Town.

Crew III, J. P., White and Carpinello, JJ., concur. Adjudged that the motion to confirm the Referee's findings of fact is granted, without costs, and respondent is hereby removed from the public office of Supervisor of the Town of Lake Luzerne.