■ In the Matter of PATRICIA A. GUMO, Petitioner, v JOSEPH CANZONERI et al., Respondents, and ANTHONY PANZARELLA et al., Respondents. [714 NYS2d 86] —Proceeding, *inter alia,* pursuant to Public Officers Law § 36, to remove, among others, the respondents Anthony Panzarella and Joseph Hennessy from public office in the Village of Malverne, Nassau County. By decision, order, and judgment of this Court dated July 6, 1999, those branches of the petition which were to remove Anthony Panzarella and Joseph Hennessy from public office were remitted to the Supreme Court, Queens County, for a hearing to take testimony and report its findings to this Court on the issue of whether the respondents Anthony Panzarella and Joseph Hennessy had engaged in conduct which required their removal from public office, and the proceeding against the remaining respondents was dismissed (*see, Matter of Gumo v Canzoneri,* 263 AD2d 456). The Supreme Court, Queens County, has filed its report.

Adjudged that the petition insofar as asserted against the respondents Anthony Panzarella and Joseph Hennessy is denied and the proceeding insofar as asserted against them is dismissed on the merits, with costs.

Based on the Supreme Court's findings of fact, we conclude that the petition insofar as asserted against Anthony Panzarella and Joseph Hennessy (hereinafter the respondents) must be denied because those two individuals were not members of the Board of Trustees (hereinafter the Board) when certain of the alleged misconduct occurred. Moreover, after they took office they voted against a number of the allegedly improper actions taken by the Board. In addition, the petitioner failed to establish, by a preponderance of the evidence, that those respondents engaged in any intentional wrongdoing, self-dealing, or gross dereliction of duty. The respondents' conduct did not rise to the level of malfeasance, misconduct, maladministration, or malversation that would warrant removal from public office pursuant to Public Officers Law § 36 (*see, Feldberg v Friedland,* 221 AD2d 766; *Matter of Greco v MacLean,* 99 AD2d 810; *Matter of Deats v Carpenter,* 61 AD2d 320; *Matter of Pisciotta v Dendievel,* 41 AD2d 949). Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.