In the Matter of JEANINE McCARTHY, Petitioner, v CAROL L. SANFORD et al., Respondents. [807 NYS2d 431]—

Kane, J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondents from various offices in the Town of Nassau, Rensselaer County.

Petitioner, a resident of the Town of Nassau, Rensselaer County, commenced this proceeding seeking to remove respondent Carol L. Sanford from the office of Town Supervisor, respondents Barbara A. Fausner and Ian D. Hart as Members of the Town Council, and respondent Phillip J. Danaher as Town Attorney. As alleged in the petition, respondents were seen at Fausner's home following a public hearing during which the Town Board passed a local law extending a moratorium on the processing of mining permit applications. Also present at Fausner's home was Jude Clemente, president of Troy Sand & Gravel, who had a pending mining permit application. Based on these facts, petitioner alleges that "[r]espondents' meeting behind closed doors with an applicant for a permit likely occurred for improper reasons" and violated the Open Meetings Law (see Public Officers Law art 7) and the Town of Nassau Code of Ethics (see Town of Nassau Code of Ethics, art II, § 3 [e], [g]). Respondents deny that they participated in any meeting regarding town business at Fausner's house or that they spoke with Clemente there. They move to dismiss the petition for failure to state a cause of action. We grant respondents' motion.

Initially, we will consider the allegation of a violation of the Open Meetings Law as an additional statement of alleged improper activity by respondents, not as a separate claim for relief under that law. Turning to the petition's merits, removal from office pursuant to Public Officers Law § 36 is an extreme remedy reserved for officials engaged in " 'self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional

wrongdoing or violation of a public trust' " (*Matter of Morin v Gallagher*, 221 AD2d 765, 766 [1995], quoting *Matter of Deats v Carpenter*, 61 AD2d 320, 322 [1978]; *accord Matter of Miller v Balland*, 7 AD3d 916, 917 [2004]). Here, petitioner's bare allegation that respondents gathered together at Fausner's home at a time when Clemente was present does not, in our view, demonstrate "unscrupulous conduct or gross dereliction of duty" (*Matter of Salvador v Naylor*, 222 AD2d 931, 932 [1995]). Even assuming that respondents' actions gave rise to an appearance of impropriety (*see* Town of Nassau Code of Ethics, art II, § 3 [e], [g]), this fact, by itself, does not "connote a pattern of misconduct and abuse of authority" (*Matter of West v Grant*, 221 AD2d 798, 798 [1995]) which would warrant the drastic remedy of removal. Accordingly, we conclude that the petition fails to state a cause of action and must be dismissed.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Adjudged that the motion to dismiss is granted, without costs, and petition dismissed.