In the Matter of CHRISTOPHER CHANDLER, Petitioner, v MARK WEIR, as Fly Creek Fire District Commissioner, et al., Respondents. [817 NYS2d 194]—

Cardona, P.J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondents from certain offices in the Fly Creek Fire District in Otsego County.

Petitioner, a resident of the Fly Creek Fire District in Otsego

County, commenced this proceeding seeking to remove respondents, Mark Weir and Elizabeth A. Staffin, from their respective positions as Commissioner and Treasurer of the Fire District. The petition alleges that Weir improperly directed Staffin to issue a check payable to the attorney for the Fire District and that Staffin improperly complied with his directive. The petition further alleges that Weir removed a confidentiality notice from a letter that the attorney wrote to the Fire District Commissioners and revealed its privileged contents at a public meeting. In addition, two Commissioners aver, in affidavits affixed to the petition, that Staffin ignored the duties of her office by failing to make financial records available pursuant to Freedom of Information Law (*see* Public Officers Law art 6) requests and delayed in depositing funds and providing a current accounting. Respondents move to dismiss the petition for failure to state a cause of action and we grant that motion.

It is well settled that, in order to state a cause of action under Public Officers Law § 36, a petition must allege that a public officer engaged in " 'self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust' " (*Matter of Morin v Gallagher*, 221 AD2d 765, 766 [1995], quoting *Matter of Deats v Carpenter*, 61 AD2d 320, 322 [1978]; *accord Matter of McCarthy v Sanford*, 24 AD3d 1168, 1168-1169 [2005]). The record reveals that Weir publicly directed Staffin to pay the bill under what he believed to be a preexisting retainer agreement with the Fire District's attorney and that Staffin complied without requiring signatures from the other Commissioners present at the meeting. Even assuming that respondents did not strictly follow the procedure for authorizing payments (*see* Town Law § 176 [4-a]; § 177), removal from office is "a remedy which is reserved for malicious and corrupt acts as compared to minor neglect of duties, administrative oversights and violations of law" (*Matter of West v Grant*, 243 AD2d 815, 816 [1997]; *see Matter of Miller v Balland*, 7 AD3d 916, 917 [2004]; *Matter of Morin v Gallagher, supra* at 766; *Matter of Deats v Carpenter, supra* at 322). Furthermore, neither Weir's alleged misconduct in disclosing the contents of the letter nor Staffin's alleged shortcomings in managing records and transferring funds demonstrates "unscrupulous conduct or gross dereliction of duty" (*Matter of Salvador v Naylor*, 222 AD2d 931, 932 [1995]), or otherwise "connote[s] a pattern of misconduct and abuse of authority" (*Matter of West v Grant, supra* at 816) so as to warrant the drastic remedy of removal (*see Matter of Miller v Filion*, 304 AD2d 1016, 1017 [2003]). Accordingly, we conclude that the petition fails to state a cause of action and must be dismissed.

Crew III, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the motion to dismiss is granted, with costs, and petition dismissed.