■ In the Matter of ROBERT PRICE, Petitioner, v MARK A. EVERS, as Supervisor of the Town of North Greenbush, Respondent. [845 NYS2d 553]—

Per Curiam. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Supervisor of the Town of North Greenbush, Rensselaer County.

Petitioner, a resident of the Town of North Greenbush, Rensselaer County, commenced this proceeding seeking to remove respondent from the office of Town Supervisor. Petitioner's grievance arises out of a payment of approximately $82,000 to a contractor performing a water district construction project. The payment was authorized by the Town Comptroller and respondent on December 15, 2006, despite the fact that the Town Board had determined that the cost of the water district had exceeded the contract price and adopted a resolution requesting that the Office of Audit and Control examine all payments relating to the water district. Further, respondent had been advised by the Town Attorney approximately three weeks earlier that due to the cost overrun, he should "not unilaterally approve any additional payments under the contract." Petitioner now moves for the appointment of a referee and respondent cross-moves to dismiss the petition for failure to state a claim.

In our view, the allegations in the petition and accompanying affidavits, even if accepted as true, do not rise to the level required for removal from office pursuant to Public Officers Law § 36. Removal is a "drastic remedy" reserved for " 'unscrupulous conduct or gross dereliction of duty' or [conduct that] . . . 'connote[s] a pattern of misconduct and abuse of authority' " (*Matter of Chandler v Weir*, 30 AD3d 795, 796 [2006] [citations omitted]; *see Matter of McCarthy v Sanford*, 24 AD3d 1168, 1168-1169 [2005]). Here, petitioner alleges that the payment to the contractor was made in violation of Town Law § 118 because respondent failed to submit the required officer's statement with the voucher and, on January 25, 2007, the Town Board disapproved the payment despite the fact that it had already been made. The failure to include the officer's statement, without more, amounts to only a "minor neglect of dut[y], administrative oversight[] [or] violation[] of law" that does not warrant removal from office (*Matter of Chandler v Weir*, 30 AD3d at 796; *see Matter of Miller v Balland*, 7 AD3d 916, 917 [2004]; *Matter of Morin v Gallagher*, 221 AD2d 765, 766 [1995]).

Regarding the belated disapproval of the payment by the

Town Board, the Town Board's approval was not necessary, as respondent asserts, because the Town Comptroller had the authority to approve the payment (*see* Town Law § 34 [1]; § 118 [1]; § 119 [2]), and did so here according to the Town's practice for dispersing payments on this contract. Although it may have been imprudent to follow this practice given both the Town Attorney's strong recommendation that respondent no longer make unilateral payments—i.e., without the approval of the Town Board—and the Town Board's referral to the Office of Audit and Control, we note that the Town Attorney had not informed respondent and the Board that such payments were unlawful due to the cost overrun until January 7, 2007—several weeks after the payment at issue had been made. Furthermore, the fact that a legal payment was made to a contractor who is also the Town Chair of a political party in which respondent is registered does not, in our view, establish that "respondent['s] conduct was plagued by self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust," as petitioner alleges (*Matter of Miller v Balland*, 7 AD3d at 917 [citations and internal quotation marks omitted]). In short, inasmuch as respondent's alleged conduct does not warrant removal, the petition fails to state a cause of action and must be dismissed (*see id.*; *Matter of Deats v Carpenter*, 61 AD2d 320, 322 [1978]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Adjudged that the cross motion is granted, without costs, and petition dismissed.