In the Matter of JOHN SALVADOR, JR., Petitioner, v TERI ROSS, as Assessor of the Town of Queensbury, Respondent. [876 NYS2d 754]—

McCarthy, J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Assessor of the Town of Queensbury, Warren County.

Petitioner, a resident of the Town of Queensbury, Warren County, commenced this proceeding in this Court seeking to remove respondent from her position as the Assessor of the Town of Queensbury pursuant to Public Officers Law § 36 for "mismanagement." Petitioner's claims stem from respondent's role in tax assessment challenges by numerous lakefront property owners. Most of these challenges were ultimately settled in an agreement negotiated by respondent but approved by the Town Board. The allegations of misconduct are essentially that respondent violated the law by permitting the late submission of numerous tax assessment complaints and by "allowing," and then implementing, a settlement which itself violated statutory law and public policy. Respondent opposes the petition and seeks to dismiss it for failure to state a cause of action (*see* CPLR 3211 [a] [7]). She also requests that sanctions be imposed by this Court for frivolous conduct.

The allegations in the petition, even if accepted as true, do not remotely rise to the level required for removal pursuant to Public Officers Law § 36 (*see Matter of Price v Evers*, 45 AD3d 1075, 1076 [2007]), which "was enacted to enable a town or village to rid itself of an unfaithful or dishonest public official" (*Matter of Miller v Filion*, 304 AD2d 1016, 1017 [2003] [internal quotation marks and citations omitted]). It is firmly established that removal from office pursuant to Public Officers Law § 36 is unwarranted in the absence of allegations of "self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust" (*Matter of Chandler v Weir*, 30 AD3d 795, 796 [2006] [internal quotation marks and citations omitted]; *see Matter of Miller v Balland*, 7 AD3d 916, 917 [2004]; *Matter of Miller v Filion*, 304 AD2d at 1017). In other words, "[r]emoval is a drastic remedy reserved for unscrupulous conduct or gross dereliction of duty or conduct that connotes a pattern of misconduct and abuse of authority" (*Matter of Price v Evers*, 45 AD3d at 1076 [internal quotation marks and citations omitted]).

Here, not one allegation in the petition, particularly those pertaining to the late acceptance of complaints and respondent's role in settling the subject tax assessment claims, rises to the level necessary to justify removal (*see Matter of Price v Evers*, 45 AD3d at 1076-1077; *Matter of Chandler v Weir*, 30 AD3d at 796; *Matter of McCarthy v Sanford*, 24 AD3d 1168, 1168-1169 [2005]; *Matter of Miller v Balland*, 7 AD3d at 917; *Matter of Morin v Gallagher*, 221 AD2d 765, 766 [1995]). Indeed, other than alleging "mismanagement" on respondent's part, the petition does not set forth a single act of unscrupulous conduct or

intentional wrongdoing, let alone evidence of any gross dereliction of duties or a pattern of misconduct. Because respondent's alleged conduct does not warrant removal, the petition fails to state a cause of action and must be dismissed (*see Matter of Price v Evers*, 45 AD3d at 1077; *Matter of Chandler v Weir*, 30 AD3d at 796; *Matter of Miller v Balland*, 7 AD3d at 917; *Matter of Miller v Filion*, 304 AD2d at 1017; *Matter of Morin v Gallagher*, 221 AD2d at 766).

Respondent also seeks sanctions for frivolous conduct pursuant to 22 NYCRR 130-1.1. The grounds for the request are twofold, namely, that the petition is wholly without legal merit (*see* 22 NYCRR 130-1.1 [c] [1]) and that this proceeding was commenced to harass respondent and other town officials (*see* 22 NYCRR 130-1.1 [c] [2]). While we decline to impose sanctions at this time, we note that petitioner has previously commenced two Public Officers Law § 36 removal proceedings against various officials (*Matter of Salvador v Naylor*, 222 AD2d 931 [1995]; *Matter of Salvador v Grant*, 221 AD2d 797 [1995]), one of which was dismissed for failure to state a cause of action (*see Matter of Salvador v Naylor*, 222 AD2d at 931-932). Thus, he needs no further reminder of the high threshold required to state such cause of action.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Adjudged that the motion to dismiss is granted, with costs, and petition dismissed.