■ In the Matter of GARY HAYES, Petitioner, v WILLIAM ANSEL-McCABE, as Mayor of the Village of Middleburgh, Respondent. [920 NYS2d 479]—

---

Rose, J. Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Mayor of the Village of Middleburgh.

Petitioner commenced this proceeding to remove respondent from his position as the Mayor of the Village of Middleburgh, Schoharie County. Petitioner claims that respondent improperly administered a buy-out program offered by the Federal Emergency Management Agency by failing to adequately publicize the availability of program funds or to publicly disclose that he had enrolled his own property in the program. Petitioner also alleges that, two years later, a friend of respondent purchased property that had been eligible for the program but had not participated in it. Finally, petitioner accuses respondent of claiming a New York State School Tax Relief Program exemption for which he was not eligible. Respondent opposes the petition and now moves to dismiss for failure to state a cause of action.

We agree with respondent that the petition must be dismissed. Removal of a public official pursuant to Public Officers Law § 36 is a "drastic remedy" designed to address "unscrupulous conduct or gross dereliction of duty or conduct that connotes a pattern of misconduct and abuse of authority" (*Matter of Salvador v Ross*, 61 AD3d 1163, 1164 [2009] [internal quotation marks and citation omitted]; *see Matter of Morin v Gallagher*, 221 AD2d 765, 766 [1995]). Here, petitioner's allegations do not rise to this level of misconduct and, at best, reflect "minor neglect of duties, administrative oversights and violations of law" that do not warrant judicial removal from office (*Matter of Chandler v Weir*, 30 AD3d 795, 796 [2006] [internal quotation marks and citation omitted]; *see Matter of Jones v Filkins*, 238 AD2d 954 [1997]).

The record makes clear that respondent had no power to determine the eligibility of properties for the buy-out program or the price paid for them, and there is no indication whatsoever that respondent's own participation in the program was improper. Further, petitioner's allegation that a friend of respondent later purchased a parcel of real property that had been eligible for the buy-out program does not identify the alleged misconduct, making only a vague and conclusory claim that it "smacks of collusion." Even if we were to accept all of petitioner's allegations as true, they would not rise to the level of misconduct required to state a cause of action and avoid dismissal (*see Matter of Price v Evers*, 45 AD3d 1075, 1076 [2007]; *Matter of Hart v Trumansburg Bd. of Trustees*, 41 AD3d 1025, 1026 [2007]; *Matter of Chandler v Weir*, 30 AD3d at 796; *Matter of McCarthy v Sanford*, 24 AD3d 1168, 1168-1169 [2005]).

Mercure, J.P., McCarthy and Egan Jr., JJ., concur. Adjudged that the motion to dismiss is granted, with costs, and petition dismissed.