Egan Jr., J.
Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the offices of Mayor and Village Manager of the Village of Monticello.
*1249 Petitioners, residents of the Village of Monticello in Sullivan County, commenced this proceeding in this Court seeking to remove respondent—pursuant to Public Officers Law § 36— from the offices of Mayor and Village Manager, alleging that respondent engaged in numerous acts of misconduct and generally abused the authority vested in him by the offices at issue. Annexed to the petition are, among other things, affidavits from a member of the Village’s police department, a member of the Village’s board of trustees and the Sullivan County District Attorney detailing respondent’s misdeeds, including his April 2011 conviction upon his plea of guilty to five counts of trademark counterfeiting in the third degree (based upon selling counterfeit Nike sneakers from the retail store he operated with his girlfriend), his July 2012 arrest for obstructing governmental administration and disorderly conduct (following an incident in front of his retail store wherein a Village police officer was struck) and his November 2013 detainment by Village police (stemming from allegations that respondent was driving while intoxicated). Also annexed to the petition is a surveillance video depicting respondent’s interactions with members of the Village’s police department after he was taken into custody in November 2013. Respondent, in turn, has brought a pre-answer motion to dismiss the petition for failure to state a cause of action.
Public Officers Law § 36 “was enacted to enable a town or village to rid itself of an unfaithful or dishonest public official” (Matter of Miller v Filion, 304 AD2d 1016, 1017 [2003] [internal quotation marks and citation omitted]; accord Matter of Reszka v Collins, 109 AD3d 1134, 1134 [2013]), i.e., one who has engaged in “malicious and corrupt acts” (Matter of Hart v Trumansburg Bd. of Trustees, 41 AD3d 1025, 1026 [2007] [internal quotation marks and citations omitted]), “unscrupulous conduct or gross dereliction of duty or conduct that connotes a pattern of misconduct and abuse of authority” (Matter of Hayes v Ansel-McCabe, 83 AD3d 1180, 1181 [2011] [internal quotation marks and citations omitted]; see Matter of Salvador v Ross, 61 AD3d 1163, 1164 [2009]; Matter of Hart v Trumansburg Bd. of Trustees, 41 AD3d at 1026). To that end, “in order to state a cause of action under Public Officers Law § 36, [the] petition must allege that [the] public officer engaged in self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust” (Matter of Chandler v Weir, 30 AD3d 795, 796 [2006] [internal quotation marks and citations omitted]; see Matter or Reszka v Collins, 109 AD3d at 1134; Matter of Salvador v Ross, 61 AD3d at 1164; Matter of Hedman v Town Bd. of Town of Howard, 56 AD3d 1287, 1287-1288 [2008]).
*1250 Here, petitioners allege that respondent, among other things, has refused to provide necessary funding for the Village’s police department until the various criminal charges against him are resolved, resulting in understaffing and forcing the department to seek donations from local businesses in order to obtain a functioning heating system for its building. Petitioners further allege that respondent has attempted to use his position as Mayor and Village Manager to obtain “special treatment” from the Village’s police department with respect to his various criminal charges and has repeatedly threatened various local law enforcement officials with termination or disciplinary action for pursuing such charges against him. Indeed, upon reviewing the November 2013 surveillance video annexed to the petition, respondent—in addition to uttering numerous racist remarks— may be heard reminding officers, “You still work for me, don’t you?”, advising officers that he would make sure that they “pa[id] for it” (an apparent reference to his detention), threatening that he would “do something tomorrow” about the manner in which he was being treated and, finally, warning the officers, “[Y]ou . . . guys [screwed] my life up—it’s on. It’s on. It’s on. It’s on.” Petitioners also allege that respondent— without approval of the Village’s board of trustees—awarded a “suspiciously low,” no-bid contract to a local firm to demolish the Village’s former justice court building and dispose of the resulting debris. According to petitioners, “[t]he debris from the demolition was laden with asbestos, and was illegally dumped near drinking wells in violation of numerous environmental laws,” thereby exposing the Village to fines and legal fees estimated to exceed $200,000.
On respondent’s motion to dismiss, we must afford the petition a liberal construction, accept the allegations contained therein as true and accord petitioners the benefit of every favorable inference to be drawn therefrom (see Stone Ridge Country Props. Corp. v Mohonk Oil Co., Inc., 84 AD3d 1556, 1557 [2011]; see also Matter of Hayes v Ansel-McCabe, 83 AD3d at 1181). To our analysis, the foregoing allegations, if true, rise to the level of “unscrupulous conduct or gross dereliction of duty or conduct that connotes a pattern of misconduct and abuse of authority” (Matter of Hayes v Ansel-McCabe, 83 AD3d at 1181 [internal quotation marks and citations omitted]) and are, therefore, sufficient to survive respondent’s motion to dismiss (compare id.; Matter of Price v Evers, 45 AD3d 1075, 1076-1077 [2007]; Matter of Hart v Trumansburg Bd. of Trustees, 41 AD3d at 1026; Matter of Chandler v Weir, 30 AD3d at 796; Matter of McCarthy v Sanford, 24 AD3d 1168, 1168-1169 [2005]). Accordingly, respondent’s motion to dismiss is denied, and this matter is *1251 referred to a referee for a hearing and to report his findings to this Court (see Matter of West v Grant, 231 AD2d 976, 976-977 [1996]).*
Peters, EJ., Stein and McCarthy, JJ., concur.
Adjudged that the motion to dismiss is denied, without costs, and Hon. Eugene E. Peckham is appointed as Referee to take testimony regarding the allegations contained in the petition and report his findings thereon to this Court.

 To the extent that petitioners contend that respondent’s February 2014 conviction of, among other things, obstruction of government administration in the second degree, a class A misdemeanor, has created a vacancy in the office of Mayor pursuant to Public Officers Law § 30 (1) (e), the limited record before us is insufficiently developed to permit such a conclusion.