# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1138**
**OP 15-00589**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF FRANCIS LIBORDI, PETITIONER,

V                                                    MEMORANDUM AND ORDER

KENNETH ISAMAN, INDIVIDUALLY, AND TOWN OF
HORNELLSVILLE, RESPONDENTS.

---

FRANCIS LIBORDI, PETITIONER PRO SE.

PATRICK F. MCALLISTER, WAYLAND, FOR RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Proceeding pursuant to Public Officers Law § 36 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) for the removal of respondent Kenneth Isaman from the public office of Town Supervisor of the Town of Hornellsville.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum: Petitioner commenced this original proceeding pursuant to Public Officers Law § 36 seeking removal of Kenneth Isaman (respondent) from the public office of Town Supervisor of respondent Town of Hornellsville (Town). In his answer, respondent sought dismissal of the petition on various grounds, including the ground that he had not engaged in conduct that would warrant such removal. "[R]emoval from office pursuant to Public Officers Law § 36 is an extreme remedy reserved for officials engaged in self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust" (*Matter of McCarthy v Sanford*, 24 AD3d 1168, 1168-1169 [internal quotation marks omitted]; *see Matter of Reszka v Collins*, 109 AD3d 1134, 1134).

Here, petitioner alleged self-dealing and a conflict of interest arising from respondent's employment with an insurance agency that did business with the Town during respondent's tenure as Town Supervisor. We conclude, however, that respondent "conclusively refuted those allegations, and petitioner failed to present evidence . . . to raise a triable issue of fact" (*Reszka*, 109 AD3d at 1134-1135; *see Matter of Young v Costantino*, 281 AD2d 988, 988; *cf. Matter of West v Grant*, 243 AD2d 815, 815-816).

Petitioner alleged a further conflict of interest arising from respondent's votes at Town Board meetings in favor of appointing respondent's wife to positions with the Town Board, and approving the

salaries for her positions.  Respondent admitted that he should have abstained from those votes, and we conclude, under the circumstances, that his failure to do so "does not constitute the type of conduct that would warrant removal from office" (*Reszka*, 109 AD3d at 1135; *see Matter of Salvador v Ross*, 61 AD3d 1163, 1164).

Entered:  November 20, 2015                      Frances E. Cafarell
                                                 Clerk of the Court