Peters, P.J.
Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent from the office of Mayor of the Village of Middleburgh.
Petitioner commenced this original proceeding pursuant to Public Officers Law § 36 seeking to remove respondent from the office of Mayor of the Village of Middleburgh in Schoharie County. In his petition, petitioner alleges that respondent abused the authority vested in him by the office of Mayor by simultaneously holding the position of Village Constable and that, while serving in that capacity, respondent issued him two parking tickets. He also claims that respondent appointed unqualified candidates to various positions in his administration, published an email attempting to defame his character and improperly refused to reimburse him for sewer rent charges. Respondent submitted an answer denying many of the allegations and seeking dismissal of the petition. Petitioner now moves to have the matter referred to a referee to hear and report, and respondent opposes said motion.
The petition must be dismissed. “Public Officers Law § 36 was enacted to enable a town or village to rid itself of an unfaithful or dishonest public official” (Matter of Miller v Filion, 304 AD2d 1016, 1017 [2003] [internal quotation marks and citations omitted]; accord Matter of Reszka v Collins, 109 AD3d 1134, 1134 [2013]; Matter of Salvador v Ross, 61 AD3d 1163, 1164 [2009]). Removal from office is a drastic remedy reserved for conduct “ ‘plagued by self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust’ ” (Matter of Price v Evers, 45 AD3d 1075, 1077 [2007], quoting Matter of Miller v Balland, 7 AD3d 916, 917 [2004]; see Matter of Salvador v Ross, 61 AD3d at 1164; Matter of McCarthy v Sanford, 24 AD3d 1168, 1168-1169 [2005]).
Here, respondent concedes that he assumed the duties of Village Constable upon his election to the position of Mayor. However, approximately five months thereafter, upon being advised by the Village Attorney that holding both positions simultaneously could present a conflict of interest, respondent *1185 immediately ceased all duties as Village Constable. The parking tickets issued to petitioner during such time were later dismissed. While respondent’s initial decision to serve in that dual capacity may have been imprudent, it does not amount to “ ‘unscrupulous conduct or gross dereliction of duty or conduct that connotes a pattern of misconduct and abuse of authority’ ” (Matter of Hayes v Ansel-McCabe, 83 AD3d 1180, 1181 [2011], quoting Matter of Salvador v Ross, 61 AD3d at 1164; see Matter of Price v Evers, 45 AD3d at 1076; Matter of McCarthy v Sanford, 24 AD3d at 1169; compare Matter of Greco v Jenkins, 118 AD3d 1248, 1250-1251 [2014]).
With respect to respondent’s dissemination of the allegedly defamatory email, such conduct cannot be deemed an abuse of official power since it occurred prior to his assumption of public office (see Matter of Gumo v Canzoneri, 276 AD2d 485, 485 [2000], lv denied 96 NY2d 702 [2001]). The remaining allegations, at best, reflect “minor neglect of dutfies], administrative oversight [s] [and] violation [s] of law” that do not warrant removal from office (Matter of Price v Evers, 45 AD3d at 1076 [internal quotation marks, brackets and citation omitted]; see Matter of Hayes v Ansel-McCabe, 83 AD3d at 1181; Matter of Chandler v Weir, 30 AD3d 795, 796 [2006]; Matter of Morin v Gallagher, 221 AD2d 765, 766 [1995]). Inasmuch as the alleged conduct does not rise to the level required for removal, respondent is entitled to a summary determination dismissing the petition on the merits (see CPLR 409 [b]).
Garry, Rose and Clark, JJ., concur. Adjudged that petitioner’s motion is denied, without costs, and petition dismissed.