# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

648

OP 16-01993

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF THE APPLICATION OF LEON
ANDERSON, INTERLAKEN POLICE DEPARTMENT, CHIEF
OF POLICE, PETITIONER,

                      V                     MEMORANDUM AND ORDER

WILLIAM MCGUIRE, INTERLAKEN VILLAGE BOARD OF
TRUSTEES OFFICER, RESPONDENT.

---

THE LAMA LAW FIRM, LLP, ITHACA (LUCIANO L. LAMA OF COUNSEL), FOR
PETITIONER.

DAVID LEE FOSTER, GENEVA, FOR RESPONDENT.

---

     Proceeding pursuant to Public Officers Law § 36 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department) for the removal of respondent William McGuire as an
officer of the Board of Trustees of the Village of Interlaken.

     It is hereby ORDERED that said petition is unanimously dismissed
without costs.

     Memorandum:  Petitioner commenced this original proceeding
pursuant to Public Officers Law § 36 seeking the removal of respondent
as an officer of the Board of Trustees of the Village of Interlaken
(Board).  We conclude that respondent's alleged conduct, accepted as
true, "does not rise to the level necessary to justify his removal
from office under Public Officers Law § 36" (*Matter of Jones v
Filkins*, 238 AD2d 954, 954), and we therefore dismiss the petition.

     "Public Officers Law § 36 was enacted to enable a town or village
to rid itself of an unfaithful or dishonest public official" (*Matter
of Hayes v Avitabile*, 133 AD3d 1184, 1184 [internal quotation marks
omitted]; *see Matter of Reszka v Collins*, 109 AD3d 1134, 1134).
Removal is appropriate only in instances of "self-dealing, corrupt
activities, conflict of interest, moral turpitude, intentional
wrongdoing or violation of a public trust" (*Hayes*, 133 AD3d at 1184
[internal quotation marks omitted]; *see Reszka*, 109 AD3d at 1134).
Contrary to petitioner's contention, he failed to allege removable
conduct insofar as he alleged that respondent overstepped his
authority in attempting to micromanage the police department (*see
generally Matter of Salvador v Ross*, 61 AD3d 1163, 1164-1165),
obtained and disclosed confidential information at Board meetings (*see
Matter of Chandler v Weir*, 30 AD3d 795, 796), and held one "special

meeting" of the Board without notifying the public (*see Matter of Hart v Trumansburg Bd. of Trustees*, 41 AD3d 1025, 1026). Those allegations constitute "minor neglect of dut[ies], administrative oversight[s] [and] violation[s] of law" for which removal is unwarranted (*Hayes*, 133 AD3d at 1185 [internal quotation marks omitted]; *see Matter of Hedman v Town Bd. of Town of Howard*, 56 AD3d 1287, 1287-1288).

Finally, we are particularly unpersuaded by petitioner's contention that respondent's stance as a legislator on certain public policy issues warrants his removal. It is well established that "courts do not inquire into the wisdom, reasons or motives for [legislative action] absent fraud, corruption or oppression, but leave such matters to the discretion of the [legislators]" (*Matter of Stetter v Town Bd. of Town of Amherst*, 46 AD2d 1006, 1006-1007).

Entered: April 28, 2017                              Frances E. Cafarell
                                                     Clerk of the Court