Proceeding pursuant to Public Officers Law § 36 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) for the removal of respondent William McGuire as an officer of the Board of Trustees of the Village of Interlaken.
It is hereby ordered that said petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this original proceeding pursuant to Public Officers Law § 36 seeking the removal of respondent as an officer of the Board of Trustees of the Village of Interlaken (Board). We conclude that respondent’s alleged conduct, accepted as true, “does not rise to the level necessary to justify his removal from office under Public Officers Law § 36” (Matter of Jones v Filkins, 238 AD2d 954, 954 [1997]), and we therefore dismiss the petition.
“Public Officers Law § 36 was enacted to enable a town or village to rid itself of an unfaithful or dishonest public official” (Matter of Hayes v Avitabile, 133 AD3d 1184, 1184 [2015] [internal quotation marks omitted]; see Matter of Reszka v Col *1613 lins, 109 AD3d 1134, 1134 [2013]). Removal is appropriate only in instances of “self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust” (Hayes, 133 AD3d at 1184 [internal quotation marks omitted]; see Reszka, 109 AD3d at 1134). Contrary to petitioner’s contention, he failed to allege removable conduct insofar as he alleged that respondent overstepped his authority in attempting to micromanage the police department (see generally Matter of Salvador v Ross, 61 AD3d 1163, 1164-1165 [2009]), obtained and disclosed confidential information at Board meetings (see Matter of Chandler v Weir, 30 AD3d 795, 796 [2006]), and held one “special meeting” of the Board without notifying the public (see Matter of Hart v Trumanshurg Bd. of Trustees, 41 AD3d 1025, 1026 [2007]). Those allegations constitute “minor neglect of dutfles], administrative oversight [s] [and] violation [s] of law” for which removal is unwarranted {Hayes, 133 AD3d at 1185 [internal quotation marks omitted]; see Matter of Hedman v Town Bd. of Town of Howard, 56 AD3d 1287, 1287-1288 [2008]).
Finally, we are particularly unpersuaded by petitioner’s contention that respondent’s stance as a legislator on certain public policy issues warrants his removal. It is well established that “courts do not inquire into the wisdom, reasons or motives for [legislative action] absent fraud, corruption or oppression, but leave such matters to the discretion of the [legislators]” (Matter of Stetter v Town Bd. of Town of Amherst, 46 AD2d 1006, 1006-1007 [1974]).
Present — Carni, J.P., Lindley, DeJoseph, Curran and Troutman, JJ.