Budin v Davis (2019 NY Slip Op 03866)





Budin v Davis


2019 NY Slip Op 03866


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527143

[*1]DAVID BUDIN, Appellant,
v
CARL PATRICK DAVIS et al., as Members of the Town Board of the Town of Middletown, et al., Respondents.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Michael Sheehan, Roxbury, for appellant.
Coughlin & Gerhart, LLP, Binghamton (Caroline L. Myrdek of counsel), for M-ARK Project, Inc., respondent.
Drake Loeb, PLLC, New Windsor (Alana R. Bartley of counsel), for Carl Patrick Davis and others, respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeals (1) from an order of the Supreme Court (Northrup Jr., J.), entered April 17, 2018 in Delaware County, which granted defendants' motions to dismiss the complaint, and (2) from an order of said court, entered July 10, 2018 in Delaware County, which denied plaintiff's motion to reargue and/or renew.
In 2013, the Town of Middletown, a municipal corporation and subdivision of Delaware County, entered into a consulting agreement with defendant M-ARK Project, Inc., a not-for-profit corporation, for one year of consulting and grant writing services in exchange for $5,000, to be paid in two biannual installments of $2,500. The Town renewed its contract with
M-ARK in both 2014 and 2015. However, in 2016, due to an alleged ministerial error, the Town did not formally renew its consulting agreement with M-ARK. Nevertheless, M-ARK continued to provide services to the Town and, in July 2016 and December 2016, the Town Board of the Town of Middletown approved the payment of two invoices, each in the amount of $2,500, to M-ARK for services rendered in 2016.
In July 2017, plaintiff commenced this taxpayer action pursuant to General Municipal Law § 51 against M-ARK and individual Town Board members — defendants Carl Patrick Davis, Michael [*2]Finberg, Kenneth Taylor and Brian Sweeney [FN1] — seeking the return or repayment of the $5,000 expended by the Town for
M-ARK's 2016 services. The Town Board members moved, pre-answer, to dismiss the complaint for, among other things, failure to state a claim. After answering, M-ARK likewise moved to dismiss the complaint. Finding that plaintiff failed to assert a viable cause of action, Supreme Court granted defendants' motions and dismissed the complaint. Supreme Court subsequently denied plaintiff's motion for reargument and/or renewal. Plaintiff now appeals from the order dismissing his complaint, as well as the order denying his motion to reargue and/or renew.
Plaintiff's first cause of action, in which he alleges that the $2,500 payments to M-ARK were illegal and a waste of public property because they were not paid pursuant to a contract, has been rendered moot by the Town Board's adoption of a resolution ratifying and approving, nunc pro tunc, the renewal of the Town's contract with M-ARK for the year 2016 (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714 [1980]). In any event, Supreme Court aptly concluded that plaintiff did not make allegations of fraud or illegality that would support a taxpayer action pursuant to General Municipal Law § 51 (see Aiardo v Town of E. Greenbush, 64 AD3d 849, 852 [2009]; Matter of Town of Coeymans v City of Albany, 284 AD2d 830, 836 [2001], lvs denied 97 NY2d 602 [2001]).
Plaintiff's remaining causes of action were properly dismissed for failure to state a claim. In resolving a motion to dismiss for failure to state a cause of action, we "liberally construe the complaint, 'accept the facts as alleged in the complaint as true, accord [the] plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Beesmer v Besicorp Dev., Inc., 72 AD3d 1460, 1461-1462 [2010], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994] [internal citation omitted]). Importantly, "[a]ffidavits and other evidentiary material may be considered to 'establish conclusively that [the] plaintiff has no cause of action,'" particularly when the plaintiff submits affidavits in opposition to the motion to dismiss (Allen v City of New York, 49 AD3d 1126, 1127 [2008], lv denied 11 NY3d 705 [2008], quoting Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]).
In his second and fourth causes of action, plaintiff alleges that any contract between the Town and M-ARK for the year 2016 is void and unenforceable under General Municipal Law § 804 because M-ARK failed to comply with the disclosure requirements of General Municipal Law § 803. General Municipal Law § 803 (1) requires "[a]ny municipal officer or employee who has, will have, or later acquires an interest in or whose spouse has, will have, or later acquires an interest in any actual or proposed contract, purchase agreement, lease agreement or other agreement, including oral agreements, with the municipality of which he or she is an officer or employee, shall publicly disclose the nature and extent of such interest in writing to his or her immediate supervisor and to the governing body thereof as soon as he or she has knowledge of such actual or prospective interest" (emphasis added). As Supreme Court properly concluded, M-ARK — a not-for-profit corporation — is not a municipal officer or employee subject to the disclosure requirements of General Municipal Law § 803 (1) (see General Municipal Law § 800 [5]). Moreover, plaintiff does not allege any interest that M-ARK failed to disclose to the Town other than the purported consulting agreement and, as Supreme Court observed, it would be "absurd" to require M-ARK to disclose to the Town that it was entering into a contract with the Town. Accordingly, Supreme Court properly dismissed plaintiff's second and fourth causes of action (compare Matter of West v Grant, 221 AD2d 798, 798 [1995]).
We reach the same conclusion as to plaintiff's third cause of action sounding in fraud/intentional misrepresentation. To allege a cause of action based in fraud, the plaintiff must assert that the defendant "knowingly misrepresented a material fact with the intent to deceive [the] plaintiff and, after having justifiably relied upon such misrepresentation, [the] plaintiff experienced pecuniary [*3]loss" (State of New York v Industrial Site Servs., Inc., 52 AD3d 1153, 1157 [2008]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142 [2017]). Here, plaintiff alleges that M-ARK induced the Town to pay it $5,000 by intentionally misrepresenting that M-ARK and the Town had entered into a consulting agreement for the year 2016. However, plaintiff's submissions in opposition to defendants' motions to dismiss, including his own affidavit, establish that the Town Board was aware, prior to paying the first $2,500 installment payment, that its consulting agreement with M-ARK had expired in 2015. Thus, as Supreme Court concluded, the Town's payment of $5,000 to M-ARK for services rendered in 2016 was not made in reliance upon any representation that a valid contract existed for that time period. Accordingly, plaintiff failed to state a viable cause of action for fraud against M-ARK (see generally Clearmont Prop., LLC v Eisner, 58 AD3d 1052, 1056 [2009]).
Finally, there is no basis to disturb Supreme Court's denial of plaintiff's motion to reargue and/or renew. Initially, no appeal lies from the denial of a motion to reargue (see Abele Tractor & Equip. Co., Inc. v Schaeffer, 167 AD3d 1256, 1260 [2018]; Matter of Walker v Lippman, 145 AD3d 1330, 1331 [2016], appeal dismissed 29 NY3d 981 [2017]). As for that portion of plaintiff's motion that sought renewal, Supreme Court correctly concluded that plaintiff failed to satisfy the standard for renewal, as he did not identify any new facts or change in the law that would require a different determination (see CPLR 2221 [e] [2]).
Egan Jr., J.P., Lynch, Mulvey and Devine, JJ., concur.
ORDERED that the orders are affirmed, without costs.



Footnotes

Footnote 1: Plaintiff also named Town Board member Jake Rosa as a defendant. However, Rosa passed away during the pendency of this action, and the parties subsequently stipulated to discontinue the action against him.