■ In the Matter of ROBERT F. IZZO et al., Petitioners, v MERRILL LYNN, as Supervisor of the Town of Big Flats, Chemung County, et al., Respondents. [706 NYS2d 918] —Proceeding initiated in this Court pursuant to Public Officers Law § 36 to remove respondent Merrill Lynn from the office of Supervisor of the Town of Big Flats and respondents David Manchester and Judith Zimmerman from the office of Town Councilmember of the Town of Big Flats.

Petitioners, both residents of the Town of Big Flats, Chemung County, commenced this proceeding seeking to remove respondent Merrill Lynn from his position as Town Supervisor and respondents David Manchester and Judith Zimmerman from their positions as Town Councilmember. The petition makes two charges. The first, directed at all three respondents, alleges that respondents conspired with David Mosher, Director

of Water Systems and Drainage in the Town, to permit Mosher to augment his salary with the proceeds of fraudulent travel expense vouchers and that such false vouchers were filed. The second, directed at only respondent Manchester, alleges that Manchester appeared before the Town Assessor and thereafter before the Town Board of Assessment Review without disclosure of an alleged personal interest in the piece of property subject thereto for the purpose of personal gain.

Answering and moving to dismiss the petition on the ground that there were no triable issues of fact, respondents, with evidentiary affidavits and exhibits, have refuted each allegation of wrongdoing leveled by the petition. Petitioners have failed to challenge respondents' showing with proof of their own. The petition, while verified, failed to set forth any evidentiary proof of official wrongdoing. In a special proceeding, where no triable issues of facts are raised, the court must make a summary determination on the pleadings and papers submitted by the parties as if a motion for summary judgment was pending before it (*see,* CPLR 409 [b]; *Matter of Friends World Coll. v Nicklin,* 249 AD2d 393, 394; *Matter of Bahar v Schwartzreich,* 204 AD2d 441, 443).

In view of the evidence submitted by respondents, it was incumbent upon petitioners to make at least an evidentiary showing that an issue of fact existed. The law is well settled that a party in opposition to a motion for summary judgment must assemble and lay bare affirmative proof to establish that the matters alleged are real and capable of being established upon a trial (*see, Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). Similarly, conclusory or unsubstantiated allegations, expressions of hope, assertions, and statements of surmise or speculation are insufficient to raise an issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Petitioners have failed to raise an issue of fact in support of the petition by failing to establish their allegations with evidentiary proof and, accordingly, respondents are entitled to a summary determination dismissing the petition on the merits.

Cardona, P. J., Peters, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the motion to dismiss is granted, with costs, and the petition is dismissed on the merits.