(July 18, 2006)

■ AMERICAN PANEL TEC, Appellant, v HYRISE, INC., et al., Respondents. [819 NYS2d 768]—

In an action, inter alia, to set aside certain conveyances as fraudulent, the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated April 11, 2005, as denied its motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment on the first cause of action to set aside so much of a $140,000 conveyance from the defendant Hyrise, Inc., to the defendant Hyman Shuster as is necessary to satisfy the plaintiff's judgment against Hyrise, Inc., entered October 29, 2003, in an action entitled *American Panel Tec v Hyrise, Inc.,* in the Supreme Court, Rockland County, under index No. 2351/03, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, the remaining causes of action are severed, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate judgment.

The plaintiff is a judgment creditor of the defendant Hyrise, Inc. (hereinafter Hyrise). Over a period of more than three months, from late January 2003 through early May 2003, Hyrise's president, the defendant Hyman Shuster, wrote a series

of 19 checks, made payable either to cash or to himself, withdrawing nearly all of the corporation's funds from its bank account. When the plaintiff was unable to satisfy its judgment against Hyrise, it commenced the instant action seeking, inter alia, to set aside these transfers as fraudulent. The plaintiff subsequently moved for summary judgment, arguing that the subject transfers should be set aside pursuant to Debtor and Creditor Law article 10 because they were made without fair consideration, rendered Hyrise insolvent, and/or were made with intent to defraud. The defendants countered by cross-moving for summary judgment dismissing the complaint, alleging that all of the funds transferred were used to pay Hyrise's corporate obligations and liabilities, including a $140,000 loan to Hyrise from Shuster. The Supreme Court denied both the motion and cross motion, concluding that the conflicting affidavits submitted by the parties raised issues of fact as to whether the defendants had engaged in fraudulent practices.

The plaintiff contends, inter alia, that the Supreme Court should have granted that branch of its motion which was for summary judgment on its first cause of action because the $140,000 transfer from Hyrise to Shuster was fraudulent pursuant to Debtor and Creditor Law § 273. We agree. Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent . . . without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." A finding of constructive fraud pursuant to section 273 may thus be predicated upon proof of insolvency and lack of fair consideration, without a showing of actual motive or intent to defraud (see *Gallagher v Kirschner*, 220 AD2d 948 [1995]; *County of Dutchess v Dutchess Sanitation Servs.*, 86 AD2d 884 [1982]).

The element of fair consideration exists when, in exchange for property or an obligation, "as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" (Debtor and Creditor Law § 272 [a]). The good faith of both the transferor and transferee is an indispensable element of fair consideration (see *Matter of Mega Personal Lines, Inc. v Halton*, 9 AD3d 553 [2004]; *Berner Trucking v Brown*, 281 AD2d 924 [2001]), and preferential transfers of corporate funds to directors, officers, and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the requirement of good faith (see *Matter of P.A. Bldg. Co. v Silverman*, 298 AD2d 327 [2002]; *Berner Trucking v Brown, supra*; *Sullivan & Sons v Superior Dry Wall Sys. Corp.*,

109 AD2d 836 [1985]; *Farm Stores v School Feeding Corp.,* 102 AD2d 249 [1984], *affd* 64 NY2d 1065 [1985]; *Laco X-Ray Sys. v Fingerhut,* 88 AD2d 425 [1982]).

The plaintiff made a prima facie showing that it was entitled to summary judgment on its fraudulent conveyance cause of action pursuant to Debtor and Creditor Law § 273 by submitting evidence that the transfers made between late January and early May 2003 rendered Hyrise insolvent and were made without fair consideration. In opposition, the defendants claimed that the transfers were made in satisfaction of various antecedent debts, and submitted documentary evidence to substantiate repayment of some of the alleged debts. However, assuming that the defendants sufficiently established the existence of an antecedent debt to Shuster in the sum of $140,000 as Shuster alleges, Hyrise's preferential repayment of this debt to its president did not fulfill the obligation of good faith, and thus did not constitute fair consideration within the meaning of Debtor and Creditor Law § 272 (*see Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition,* 226 AD2d 1056 [1996]; *Matter of P.A. Bldg. Co. v Silverman,* 298 AD2d 327 [2002]; *Berner Trucking v Brown, supra; Sullivan & Sons v Superior Dry Wall Sys. Corp., supra; Farm Stores v School Feeding Corp.,* 102 AD2d 249 [1984], *affd* 64 NY2d 1065 [1985]; *Laco X-Ray Sys. v Fingerhut, supra*). Accordingly, Hyrise's transfer of $140,000 to Shuster should have been set aside to the extent necessary to satisfy the plaintiff's judgment against Hyrise entered on October 29, 2003 (*see Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition, supra*).

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.