■ In the Matter of EAC OF NEW YORK, INC., et al., Respondents, v CAPRI 400, INC., Appellants. [853 NYS2d 419]—

Kane, J.

Respondent Capri 400 Restaurant, Inc. (hereinafter Capri Restaurant) was a corporation operating a business on property owned by respondent Capri 400, Inc. (hereinafter Capri). Respondent Vincent Costello was the sole shareholder, director and officer of Capri and Capri Restaurant. Petitioners entered into two separate contracts to purchase the restaurant business from Capri Restaurant and the real property and fixtures from Capri. The contract concerning the real estate provided that Capri would hold a purchase-money mortgage for $350,000 of the real estate sales price. At the closing, however, the mortgage was executed in favor of Costello, rather than Capri. Subsequently, a dispute arose over equipment that was damaged or missing. The parties submitted the matter to arbitration, resulting in a $34,700 award in petitioners' favor against Capri and Capri Restaurant. That amount was reduced to a judgment, but petitioners have not been able to collect on it. Petitioners commenced this proceeding seeking, among other things, to pierce

the corporate veil and hold Costello personally liable on the judgment (see CPLR 5225 [b]). Supreme Court granted the application, prompting respondents' appeal.

Supreme Court did not err when it pierced the corporate veil. Petitioners bore the burden of establishing that Costello exercised total domination over the corporation with respect to the transaction at issue and that, through this domination, he perpetrated a fraud or wrong against petitioners which resulted in their injury (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]; E.D.K. Enters., Inc. v C & S Wholesale Grocers, Inc., 30 AD3d 924, 926 [2006]). Although respondents concede that Costello dominated Capri and Capri Restaurant, in addition to domination there must be a wrongful or improper act toward petitioners (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d at 141-142).

Here, the wrongful act consisted of a fraudulent transfer of corporate assets by Costello, as director and officer of the corporations, to himself, as an individual. Even without proof of intent to defraud, constructive fraud may be shown where the debtor transfers assets without fair consideration and the debtor becomes insolvent (see Debtor and Creditor Law § 273; American Panel Tec v Hyrise, Inc., 31 AD3d 586, 587 [2006]). Fair consideration exists where property is conveyed or a debt is satisfied by an exchange, in good faith, of property or an obligation that is a fair equivalent (see Debtor and Creditor Law § 272 [a]; American Panel Tec v Hyrise, Inc., 31 AD3d at 587). The requirement of good faith is not fulfilled through preferential transfers of corporate funds to directors, officers or shareholders of a corporation that is, or later becomes, insolvent, in derogation of the rights of general creditors (see American Panel Tec v Hyrise, Inc., 31 AD3d at 587; Matter of P.A. Bldg. Co. v Silverman, 298 AD2d 327, 328 [2002]).

Capri Restaurant sold the business for $75,000 and Capri sold the real property for $425,000. Petitioners paid all amounts at closing except for $350,000 to Capri, which was the subject of the mortgage. Costello intermingled the funds from the two respondent corporations and handled all of the proceeds from the closing as personal assets. At the time of the closing, Capri Restaurant owed Costello $339,415 on a corporate loan, but Capri did not have any outstanding loans from Costello. Capri Restaurant could not properly repay its loan from Costello with assets from the sale of Capri's property. Respondents contend that Capri owed Costello a dividend distribution of $346,000, justifying the assignment of the mortgage to him to satisfy that

obligation. Assuming Costello was entitled to a dividend distribution from Capri, his transfer of all corporate assets—namely the mortgage—from Capri to himself cannot be considered a conveyance in good faith, as it rendered the corporation insolvent at the expense of Capri's creditors, namely petitioners (*see American Panel Tec v Hyrise, Inc.*, 31 AD3d at 588). Accordingly, the conveyance of the mortgage to Costello was a fraudulent transfer. Proof of this wrongful act, perpetrated through Costello's domination of the corporations, supported Supreme Court's decision to pierce the corporate veil and set aside the mortgage conveyance to the extent necessary to satisfy petitioners' judgment against the corporations.

While piercing the corporate veil generally presents a fact-laden matter not suited for resolution short of a trial (*see Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344, 344 [2006]), no material questions of fact were raised in this special proceeding. Thus, Supreme Court properly rendered its determination on the papers (*see* CPLR 409 [b]).

Peters, J.P., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.