In the Matter of MARK A. NAPLES, as a Member of Stress Medicine Media, LLC, Appellant, v GREGG R. OLIN, as a Member of Stress Medicine Media, LLC, Respondent. [887 NYS2d 378]—

Mercure, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered July 7, 2008 in Tompkins County, which, in a proceeding pursuant to Limited Liability Company Law § 703 (a), determined that petitioner is not entitled to additional payments under the operating agreement between the parties.

In July 2006, the parties formed Stress Medicine Media, LLC for the purpose of marketing and selling petitioner's stress management products. The parties were the only members of the company, with both owning equal shares and neither having superior management rights. Approximately one month after the company was formed, respondent requested full managerial control of the company, asserting that petitioner's failure to meet production deadlines and interference with business operations—including petitioner's recording and videotaping respondent without his knowledge—had rendered continued operation of the company impractical. Respondent further claimed that petitioner's conduct constituted a dissolution event under the company's operating agreement. When petitioner refused to comply, respondent filed articles of dissolution with the Department of State. Although petitioner was paid approximately $10,000, the company earned only approximately $400 while in existence.

Thereafter, petitioner commenced this special proceeding pursuant to Limited Liability Company Law § 703, seeking to have Supreme Court wind up the company's affairs and appoint him as liquidating trustee. In addition, petitioner sought further compensation under the company's operating agreement. Respondent counterclaimed, also seeking appointment as liquidating trustee or, in the alternative, appointment of a third party as liquidating trustee.

Supreme Court appointed a third-party liquidating trustee,

who found that petitioner was entitled to no additional compensation under the terms of the operating agreement and directed distribution of the company's assets. Subsequently, Supreme Court rejected petitioner's challenge to the trustee's finding that he was not entitled to additional compensation, and affirmed the trustee's findings in all respects. Petitioner appeals, and we now affirm.

Petitioner asserts that respondent both breached the operating agreement and prevented his performance thereunder by improperly and unilaterally filing articles of dissolution. Therefore, petitioner maintains, he is entitled to additional compensation under section 5.5 of the operating agreement, which provided in relevant part that "the [c]ompany shall pay $5,000 monthly to [petitioner] for a period of six (6) months . . . in consideration for services provided by [petitioner] to the [c]ompany." Petitioner received two monthly payments in the amount of $5,000 each; he asserts that he is entitled to an additional $20,000 under section 5.5.

As petitioner contends, the company's operating agreement prohibited either party from unilaterally taking any action that would cause its dissolution. The agreement, however, also prohibited the parties from "tak[ing] any action which would make it impossible to carry on the ordinary business or accomplish the purposes of the [c]ompany." Moreover, section 11.1 of the agreement, which defined "dissolution events," provided that the company "shall be dissolved and shall commence winding up its business and affairs" upon the happening of any event that made it impossible or impractical to carry on the business of the company. That provision further indicated that the company could not dissolve prior to a dissolution event and that if it were determined that an attempt was made to dissolve the company prior to such an event, the members were required to "continue the business of the [c]ompany without winding up its affairs."

We note that while petitioner now argues that respondent lacked the authority to unilaterally determine that petitioner's conduct caused a dissolution event and that respondent should have pursued arbitration with respect to that issue, it was petitioner himself who commenced this special proceeding seeking to wind up the company's business affairs—over respondent's objection that the matter should be referred to arbitration. Under these circumstances—with petitioner having implicitly conceded that a dissolution event occurred, consented to the winding up of the company's affairs by commencing this proceeding, and expressly urged Supreme Court to deny

respondent's request to refer the matter to arbitration—the court correctly determined that respondent's filing of the articles of dissolution did not prevent petitioner's continued performance. Accordingly, given the absence of any demonstrated questions of fact, we conclude that Supreme Court properly rendered its determination on the papers and, therefore, affirm (*see* CPLR 409 [b]; *Matter of EAC of N.Y., Inc. v Capri 400, Inc.*, 49 AD3d 1006, 1008 [2008]; *see also Matter of Izzo v Lynn*, 271 AD2d 801, 802 [2000]).

Finally, we reject respondent's assertion that this appeal is so frivolous as to warrant the imposition of sanctions against petitioner.

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.