■ JAMES M. GORTYCH, Respondent, v ROBERT BRENNER, Defendant, and BIG APPLE TRIATHLON CLUB, INC., Sued Herein as NEW YORK TRIATHLON CLUB, Appellant-Respondent, and CITY OF NEW YORK, Respondent-Appellant, and NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, Respondent. [922 NYS2d 14]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 11, 2010, which denied the motion by the City defendants and the New York Triathlon Club defendants for summary judgment dismissing the complaint and granted the City defendants' motion for summary judgment on their claim for contractual indemnification against the Triathlon Club defendants, unanimously affirmed, without costs.

Initially, we note that, although, as plaintiff points out, the Triathlon Club defendants did not separately move for summary judgment dismissing the complaint, they joined in the City defendants' motion to the extent it was premised on the

doctrine of primary assumption of risk, and the motion court denied the motion as to both groups of defendants. We also reject plaintiff's contention that the doctrine of primary assumption of risk is not applicable here because he was engaged in recreational, rather than competitive, cycling (*see Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395-396 [2010]). Nor did the blind curve in the roadway where plaintiff was struck by a cyclist competing in the biathlon constitute a defective condition that unreasonably heightened the risk of harm assumed by cyclists, thereby rendering the doctrine inapplicable (*see e.g. Cotty v Town of Southampton*, 64 AD3d 251, 257-258 [2009]; *Vestal v County of Suffolk*, 7 AD3d 613 [2004]). The blind curve in the roadway was not concealed but was part of the natural topography of Central Park that was open and obvious to all users of the roadway; thus, it was not the result of a breach by the City defendants of their "duty to exercise care to make the conditions as safe as they appear to be" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669, 670 [2001]).

However, plaintiff raised an issue of fact whether he "fully comprehended," and therefore "consented to," the risks inherent in bicycling in Central Park on the day of a biathlon (*see Turcotte*, 68 NY2d at 439). He testified that, although he was aware that some cycling event was being held in the park on the day of his accident, he did not know exactly where in the park the event was to take place, and he did not see any signs indicating that the cycling phase of the biathlon would occur in the same location where he was bicycling and at the same time.

The contractual indemnification provision in the permit application filed by the Triathlon Club with the Department of Parks and Recreation is not subject to any section of the General Obligations Law that would render it void as against public policy for purporting, on its face, to indemnify the City defendants for their own negligence (*see e.g.* General Obligations Law §§ 5-321, 5-322, 5-322.1, 5-323, 5-324, 5-326). Furthermore, it requires permit recipients "to indemnify and hold harmless the City and the Department from any and all claims *whatsoever* that may result from such use" (emphasis added), and is thus broad enough to cover claims arising from the City defendants' own negligence (*see e.g. Levine v Shell Oil Co.*, 28 NY2d 205, 210-211 [1971]; *Cortes v Town of Brookhaven*, 78 AD3d 642, 644-645 [2010]).

We have considered the City defendants' and the Triathlon Club defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Renwick, DeGrasse and

Richter, JJ. **[Prior Case History: 27 Misc 3d 1236(A), 2010 NY Slip Op 51050(U).]**