# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**885**

**OP 13-00321**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF ELIZABETH RESZKA, PETITIONER,

V                                                           MEMORANDUM AND ORDER

COUNCILMAN JOSEPH A. COLLINS, RESPONDENT.

---

HOGAN WILLIG, PLLC, AMHERST (TERESA A. BAILEY OF COUNSEL), FOR PETITIONER.

JOSEPH A. COLLINS, RESPONDENT PRO SE.

---

Proceeding pursuant to Public Officers Law § 36 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department on February 19, 2013) for the removal of respondent from the public office of Councilman for the Town of Hamburg.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum:  Petitioner commenced this original proceeding pursuant to Public Officers Law § 36 seeking the removal of respondent as a council member of the Town Board of the Town of Hamburg.  In his answer, respondent denied the allegations of wrongdoing and sought, inter alia, dismissal of the petition.  Public Officers Law § 36 " 'was enacted to enable a town or village to rid itself of an unfaithful or dishonest public official' " (*Matter of Salvador v Ross*, 61 AD3d 1163, 1164), but "[r]emoval of an official from office . . . generally will not be granted [in the absence] of self-dealing, corrupt activities, conflict of interest, moral turpitude, intentional wrongdoing or violation of a public trust" (*Matter of Jones v Filkins*, 238 AD2d 954, 954 [internal quotation marks omitted]; *see Matter of Hedman v Town Bd. of Town of Howard*, 56 AD3d 1287, 1287-1288).

The verified petition herein sets forth instances of conflicts of interest and self-dealing by respondent, an attorney with a legal practice in Hamburg.  Specifically, petitioner alleged that respondent "continue[d] a previously filed Notice of Claim" against the Town of Hamburg (Town) on behalf of a legal client after taking office, had a complaint of harassment filed against him by an employee of the Town, had "repeatedly filed frivolous actions" against the Town, and posted flyers "advertising [respondent's] legal practice."  We conclude, however, that respondent conclusively refuted those allegations, and petitioner failed to present evidence to the contrary to raise a

triable issue of fact (*see generally Hedman*, 56 AD3d at 1288; *Matter of Izzo v Lynn*, 271 AD2d 801, 802).  Likewise, petitioner alleged that respondent had "repeatedly appeared" in the Town's Justice Court on behalf of his clients, but respondent conclusively refuted that allegation by submitting the affidavit of a Town Justice who averred that respondent had not appeared in the Town's Justice Court "after taking his elected position."  Again, petitioner presented no evidence to the contrary (*see Hedman*, 56 AD3d at 1288; *Matter of Young v Costantino*, 281 AD2d 988, 988).

Petitioner further alleged that respondent filed a notice of defect against the Town on behalf of a client and sent an email to all Town employees regarding their personnel benefits.  Even assuming, arguendo, that respondent had engaged in such conduct, we conclude that it does not constitute the type of conduct that would warrant removal from office.  That is, petitioner's allegations do not "demonstrate 'unscrupulous conduct[,] . . . gross dereliction of duty[,]' " or " 'a pattern of misconduct and abuse of authority' " (*Matter of McCarthy v Sanford*, 24 AD3d 1168, 1169; *see Salvador*, 61 AD3d at 1164).  Finally, although petitioner alleged that respondent should not have circulated an email to a Town employee facing disciplinary charges, there is no indication that it was a "confidential correspondence" that should not have been sent to that Town employee.

We therefore dismiss the petition, and we conclude that respondent is not entitled to costs or sanctions as requested in his answer.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court