■ JAMES W. HOLME, Respondent, v GLOBAL MINERALS AND METALS CORP. et al., Defendants, and R. DAVID CAMBELL, Appellant. [8 NYS3d 76]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 5, 2014, to the extent appealed from as limited by the briefs, in favor of plaintiff in the total amount of $7,113,392.18 as against defendant Campbell, and bringing up for review orders, same court and Justice, entered on or about April 5, 2013 and November 26, 2013, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its fraudulent conveyance causes of action under Debtor and Creditor Law §§ 273 and 273-a with respect to loan repayments made to Campbell after February 27, 2001 (the fraudulent conveyance claims), and denied Campbell's cross motion for summary judgment dismissing the fraudulent conveyance claims as against him, unanimously affirmed, without costs. Appeals by defendant Global Minerals and Metals Corp. (Global NY) and the GMMC defendants, unanimously dismissed, without costs.

In this action, plaintiff seeks to collect on an unsatisfied judgment that he obtained against defendant Global NY in May 2006 in a separate action (the prior action). According to plaintiff, after the judgment was returned unsatisfied, he discovered that defendants Campbell and Shah* (together the individual defendants) had "stripped" Global NY of its assets and that the company had been defunct for several years. Plaintiff now seeks to hold defendants responsible for the judgment based on various theories of liability, including that certain payments from Global NY to the individual defendants were fraudulent under Debtor and Creditor Law §§ 273 and 273-a.

It is undisputed that the individual defendants began lending money to Global NY in 1998 and 1999, and that Global NY paid these loans back to the individual defendants after it had become a defendant in the prior action for money damages. Global NY's preferential repayment of these debts to the individual defendants, who were officers of Global NY, in derogation of the rights of plaintiff, a general creditor, lack "good faith" as a matter of law (*Matter of P.A. Bldg. Co. v Silverman*, 298 AD2d 327, 328 [1st Dept 2002]; *American Panel Tec v Hyrise, Inc.*, 31 AD3d 586, 588 [2d Dept 2006]), and therefore constitute conveyances without "fair consideration" (Debtor and Creditor Law § 272). Accordingly, the motion court correctly determined that the conveyances violate Debtor and Creditor Law §§ 273 and 273-a.

---

* By order of this Court entered March 10, 2015, Shah's appeal from the judgment was withdrawn upon the parties' stipulation.

We have considered Campbell's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.