# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**933**
**OP 15-00258**
PRESENT: SCUDDER, P.J., PERADOTTO, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF PAUL BECALLO, PETITIONER,

V                                                    MEMORANDUM AND ORDER

JESSICA ZAMBRANO, SUPERVISOR, TOWN OF CICERO,
ONONDAGA COUNTY, RESPONDENT.

---

PAUL BECALLO, PETITIONER PRO SE.

LISA DIPOALA HABER, SYRACUSE, FOR RESPONDENT.

---

Proceeding pursuant to Public Officers Law § 36 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department on February 10, 2015) for the removal of respondent from the public office of Supervisor for the Town of Cicero.

It is hereby ORDERED that said petition is unanimously dismissed without costs.

Memorandum: Petitioner, a citizen in the Town of Cicero (Town), commenced this original proceeding pursuant to Public Officers Law § 36 seeking the removal of respondent as the Town Supervisor. In her answer and responding affidavit, respondent admitted many of the factual allegations of the petition, particularly that she had a romantic relationship with an employee of the engineering firm (employee) that was hired by the Town and that she signed the contract with the engineering firm and approved invoices for work completed by the employee; that she purchased a one-half interest in the employee's residence and that he held a mortgage from her; and that she used campaign funds to pay for a bulk mailing of a Town newsletter to senior citizens. She denied, however, that the above acts created a conflict of interest or constituted wrongdoing and sought dismissal of the petition. In addition, respondent submitted documentary evidence refuting the remaining allegation that she altered the date on a shared services agreement with another Town. We conclude that the petition must be dismissed.

Respondent established that she began a romantic relationship with the employee in the fall of 2011 while she was a Town councilperson and that she sought an opinion from the Town Attorney in February 2012 whether there was a conflict of interest as a result of that relationship. The Town Attorney advised her in a written opinion that there was no conflict of interest. The Town Attorney reiterated that opinion at a Town Board meeting in April 2014, when respondent

was Town Supervisor.  General Municipal Law § 801 provides that "no municipal officer . . . shall have an interest in any contract with the municipality of which [she] is an officer . . . when such officer . . . has the power or duty to . . . approve the contract . . . or approve payment thereunder."  "Interest" is defined in section 800 (3), in relevant part, as "a direct or indirect pecuniary or material benefit accruing to a municipal officer . . . as a result of a contract with the municipality which such officer . . . serves . . . [A] municipal officer . . . shall be deemed to have an interest in the contract of . . . [her] spouse, minor children and dependent."  Those provisions do not apply here.

With respect to the financial arrangement between respondent and the employee regarding her purchase of a one-half interest in his residence, we conclude that it cannot "reasonably be inferred that the [financial arrangement] was intended to influence [respondent], or could reasonably be expected to influence [her], in the performance of [her] official duties or was intended as a reward for any official action on [her] part" (General Municipal Law § 805-a [1]).  Thus, we conclude that petitioner has failed to establish a conflict of interest with respect to respondent's personal relationship with the employee (*see Matter of Hedman v Town Bd. of Town of Howard*, 56 AD3d 1287, 1288).  With respect to petitioner's allegation concerning campaign funds, even assuming, arguendo, that the use of those funds to pay for a bulk mailing of a Town newsletter to senior citizens was improper, such impropriety does "not remotely rise to the level required for removal pursuant to Public Officers Law § 36" (*Matter of Salvador v Ross*, 61 AD3d 1163, 1164).  Finally, petitioner has failed to come forward with evidence raising an issue of fact with respect to the allegation concerning the shared services agreement (*see Matter of Reszka v Collins*, 109 AD3d 1134, 1134-1135)

"Public Officers Law § 36 was enacted to enable a town . . . to rid itself of an unfaithful or dishonest public official" (*Reszka*, 109 AD3d at 1134 [internal quotation marks omitted]), and petitioner has failed to establish that respondent is either unfaithful or dishonest in the performance of her duties as Town Supervisor.  "[T]he petition does not set forth a single act of unscrupulous conduct or intentional wrongdoing, let alone evidence of any gross dereliction of duties or a pattern of misconduct" (*Salvador*, 61 AD3d at 1164-1165).  We therefore dismiss the petition (*see Hedman*, 56 AD3d at 1287-1288).

Entered:  October 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court