■ AMERICAN MEDIA, INC., et al., Appellants, v BAINBRIDGE & KNIGHT LABORATORIES, LLC, Defendant, and CARL RUDERMAN, Respondent. [22 NYS3d 437]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 26, 2014, which granted defendant Ruderman's motion to dismiss the complaint as against him, unanimously modified, on the law, to deny the motion as to the causes of action for fraud and violation of sections 273 and 275 of the Debtor and Creditor Law as against Ruderman, and otherwise affirmed, without costs.

Plaintiffs seek approximately $1.3 million in payment for advertising services furnished to defendant Bainbridge & Knight Laboratories, Inc. Defendant Ruderman is the owner and chairman of Bainbridge.

The amended complaint alleges that between March 2011 and July 2012, Bainbridge issued approximately 184 insertion orders to plaintiff American Media, Inc. for the publication of numerous ads in magazines owned by plaintiffs. Of the approximately $2.3 million total price, $1.3 million is alleged still to be owing for advertising services.

Plaintiffs' allegations in support of piercing the corporate veil to hold Ruderman liable for Bainbridge's alleged breaches of contract, i.e., that Bainbridge "ignored corporate formalities" and was totally dominated by Ruderman, are conclusory and therefore insufficient to warrant piercing the corporate veil (*see Metropolitan Transp. Auth. v Triumph Adv. Prods.*, 116 AD2d 526, 528 [1st Dept 1986]).

The unjust enrichment claim fails because the subject matter of the claim is governed by express contracts (*Wilmoth v Sandor*, 259 AD2d 252, 254 [1st Dept 1999]).

The complaint adequately states a cause of action for fraud as against Ruderman based on alleged misrepresentations of present fact concerning the capitalization of Bainbridge and

---

the existence of an $850,000 account receivable from non-party Walgreen's. Ruderman's representation that he had loaned $6 million to Bainbridge that could be used to pay for expenses like plaintiffs' advertising services is alleged to have induced plaintiffs into entering into the agreement. Similarly, Ruderman's assurance that Bainbridge had an $850,000 account receivable from Walgreen's that was "in the process of being paid" and "would be used to pay [p]laintiffs," is alleged to have induced plaintiffs to continue to furnish advertising services under the contract. Ruderman's alleged misrepresentations as to Bainbridge's wherewithal and the condition of Bainbridge's finances constitute actionable fraud (*see e.g. EED Holdings v Palmer Johnson Acquisition Corp.*, 387 F Supp 2d 265, 276 [SD NY 2004]). A misrepresentation of present fact is collateral to the contract and supports a separate claim for fraud (*see id.* at 278-279; *Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]; *First Bank of Ams. v Motor Car Funding*, 257 AD2d 287, 292 [1st Dept 1999]). The alleged misrepresentations regarding Bainbridge's finances and capitalization were collateral to the actual terms of the contract, irrespective of Ruderman's intentions with respect to paying for plaintiffs' advertising services in the future (*see e.g. EED Holdings*, 387 F Supp 2d at 279; *First Bank of Ams.*, 257 AD2d at 291-292 [error to dismiss fraud claim based on misrepresentations regarding the quality of the individual loans purchased by the plaintiffs]). The issue of reasonable reliance is one of fact unsuitable for resolution on this motion to dismiss (*see Gonzalez v 40 W. Burnside Ave. LLC*, 107 AD3d 542 [1st Dept 2013]; *CIFG Assur. N. Am., Inc. v Goldman, Sachs & Co.*, 106 AD3d 437 [1st Dept 2013]).

The complaint, on this CPLR 3211 (a) (7) motion, adequately states a claim for violation of sections 273 and 275 of the Debtor and Creditor Law as against Ruderman. Ruderman is alleged to have repaid loans to himself at a time when Bainbridge was insolvent, or rendered insolvent thereby. An insider payment is not in good faith, regardless of whether or not it was paid on account of an antecedent debt. "The requirement of good faith is not fulfilled through preferential transfers of corporate funds to directors, officers or shareholders of a corporation that is, or later becomes, insolvent, in derogation of the rights of general creditors" (*Matter of EAC of N.Y., Inc. v Capri 400, Inc.*, 49 AD3d 1006, 1007 [3d Dept 2008] [transfer of assets to corporate officer to satisfy antecedent debt lacked good faith]; *American Panel Tec v Hyrise, Inc.*, 31 AD3d 586 [2d Dept 2006] [same]). The claim does not involve the failure to pay the amounts owed under the contract, but rather Ruderman's inappropriately

taking money out of Bainbridge that could have been used to repay plaintiffs. Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels, Kapnick, JJ.