Springut Law PC v Rates Tech. Inc. (2018 NY Slip Op 00525)





Springut Law PC v Rates Tech. Inc.


2018 NY Slip Op 00525


Decided on January 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2018

Friedman, J.P., Gische, Mazzarelli, Kern, Singh, JJ.


5557 156233/14

[*1]Springut Law PC, Plaintiff-Appellant,
v
Rates Technology Inc., et al., Defendants-Respondents.


Springut Law PC, New York (Tal S. Benschar of counsel), for appellant.
Clarick Gueron Reisbaum LLP, New York (Isaac B. Zaur of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 2, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fraud and piercing the corporate veil claims, unanimously affirmed, with costs.
Plaintiff law firm brings this action against its former clients for failure to pay its legal fees. Plaintiff contends that defendant Gerald Weinberger, now deceased — the president of the corporate defendants — intentionally kept one of his entities judgment proof in a fraudulent effort to obtain legal representation without paying for it.
The IAS court correctly dismissed the veil-piercing claim (fourth cause of action) because the allegations supporting it were wholly conclusory (American Media, Inc. v Bainbridge & Knight Labs., LLC, 135 AD3d 477, 477 [1st Dept 2016]). The nonspecific allegations that Weinberger ignored corporate formalities, "completely dominated and controlled" the corporate defendants, and made the business decisions for the entities were not sufficient to pierce the corporate veil (id.; Sheridan Broadcasting Corp. v Small, 19 AD3d 331, 332 [1st Dept 2005]).
Plaintiff's fraud and fraud-related claims in the third cause of action were also insufficient. A cause of action for fraud is not sufficiently stated where, as here, the only fraud charged relates to a breach of contract (Cole, Schotz, Meisel, Forman & Leonard, P.A. v Brown, 109 AD3d 764, 765 [1st Dept 2013]). Plaintiff's allegations asserting defendants' general promises to meet their payment obligations were duplicative of its breach of contract claim (id.). Nor has plaintiff alleged any specific misrepresentations of "present fact" that were collateral to the contract (American Media, Inc., 135 AD3d at 478). Defendants' subsequent assurances of performance and alleged misrepresentations were not sufficiently collateral to the parties' contract to render the fraud claim nonduplicative (see e.g. Metropolitan Transp. Auth. v Triumph Adv. Prods., 116 AD2d 526, 527-528 [1st Dept 1986]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2018
CLERK