Stewart Tit. Ins. Co. v New York Tit. Research Corp. (2019 NY Slip Op 09373)





Stewart Tit. Ins. Co. v New York Tit. Research Corp.


2019 NY Slip Op 09373


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Singh, González, JJ.


10652 651794/16 595338/16

[*1] Stewart Title Insurance Company, Plaintiff,
v
New York Title Research Corporation, Defendant. 
New York Title Research Corporation, Third-Party Plaintiff-Appellant, Newburgh Commons, LLC, et al., Third-Party Defendants-Respondents, Robert W. Fink, Esq., Third-Party Defendant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jonathan R. Harwood of counsel), for appellant.
Joseph J. Haspel, Goshen, for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered August 31, 2018, which granted third-party defendants Newburgh Commons LLC and Abe Goldberger's motion to dismiss New York Title Research Corporation's (NY Title) third-party claims for contractual and common law indemnification, unanimously modified, on the law, to deny defendants' motion as to the claim for contractual indemnification against Newburgh, and otherwise affirmed, without costs.
The doctrine of judicial estoppel is inapplicable because NY Title has not obtained any relief based on any of its allegedly competing positions (see D & L Holdings, LLC v Goldman Co., 287 AD2d 65, 71-72 [1st Dept 2001], lv denied 97 NY2d 611 [2002]; see also Angel v Bank of Tokyo-Mitsubishi, Ltd., 39 AD3d 368, 371 [1st Dept 2007]).
The common law indemnification claim was nonetheless properly dismissed. A "party cannot obtain common-law indemnification unless it has been held to be vicariously liable without proof of any negligence or actual supervision on its own part" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 378 [2011]). Here, the first-party complaint did not propound any theory that NY Title was vicariously liable to Stewart for third-party defendants' actions. As a result, NY Title is not entitled to the common law indemnification it seeks in the third-party action (see Esteva v Nash, 55 AD3d 474, 475 [1st Dept 2008]).
The contractual indemnification claim against Newburgh should not have been dismissed. The escrow agreement at issue, on its face, does not contain any language imposing the requirement to obtain the payoff letter on either party and is ambiguous in this respect (LDIR, LLC v DB Structured Prods., Inc., 172 AD3d 1, 5-6 [1st Dept 2019]). In light of such an ambiguity and assuming the truth of allegations that third-party defendants promised to obtain the payoff letter and satisfy the tax lien, as is required at this stage, the contractual indemnification claim should proceed to discovery on parol evidence (id. at 5-6). Moreover, it is irrelevant whether NY Title was negligent in fulfilling its obligations under the escrow agreement since Newburgh agreed to indemnify against "all loss" (see Levine v Shell Oil Co., 28 NY2d 205, 211 [1971]; Gortych v Brenner, 83 AD3d 497, 498 [1st Dept 2011]; Cortes v Town of Brookhaven, 78 AD3d 642, 644-645 [2d Dept 2010]).
Nor should the claim have been dismissed because NY Title entered into the escrow agreement as agent of the first-party plaintiff. Although the parties understood that NY Title was the agent of the first-party plaintiff, a disclosed principal, it is alleged that the escrow agreement was executed for the benefit of NY Title, as escrow agent, and all dealings of the third-party defendants were solely with NY Title. Under these circumstances, and based on the allegation of the third-party complaint, NY Title is able to commence this action seeking to enforce the indemnification provision against Newburgh (see Shirai v Blum, 239 NY 172, 182 [1924]; see also Restatement, Agency 2d, § 372).
The claims against Goldberger, were, however, properly dismissed because the allegations that he exercised dominion and control over Newburgh, that he abused the privilege of doing business in the corporate form and failed to adhere to LLC formalities, are alone insufficient to state a claim for piercing the corporate veil (see American Media. Inc. v Bainbridge & Knight. Labs., LLC, 135 AD3d 477, 477 [1st Dept 2016]; see also Metropolitan Transp. Auth. v Triumph Adv. Prods., 116 AD2d 526, 528 [1st Dept 1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK