## Sheridan v Silvera Event Furnishing Inc.

2025 NY Slip Op 32413(U)

July 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 529936/2021

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: HON. CAROLYN E. WADE, JSC
-----------------------------------------------------------------X
MATTHEW SHERIDAN,

                          Plaintiff,

        -against-

SILVERA EVENT FURNISHING INC.,
LARRY LAHMEL ROBINSON, and PENSKE
TRUCK LEASING CO., L.P.,

                        Defendants.
-----------------------------------------------------------------X
SILVERA EVENT FURNISHING INC.,

                    Third-Party Plaintiff,

      -against-

PENSKE TRUCK LEASING CO., L.P.,

                  Third-Party Defendant.
-----------------------------------------------------------------X

Index No.: 529936/2021

Motion Seq. No. 4

**DECISION AND ORDER**

The following papers were read on Defendant/Third-Party Defendant PENSKE TRUCK LEASING CO., L.P.'s ("Penske") motion for partial summary judgment, under CPLR §3212(e), dismissing Plaintiff MATTHEW SHERIDAN's ("Plaintiff") vicarious liability claim (NYSCEF Doc. Nos. 137-152, 157-159, 163-166, and 170-173) ("Motion"). The Motion further requests summary judgment, under CPLR §3212, dismissing Third-Party Plaintiff SILVERA EVENT FURNISHING INC.'s ("Silvera") Complaint and Crossclaim for negligence, improper, and /or inadequate maintenance of the truck; and granting Penske's Counterclaim for indemnification and/or contribution from Silvera.

Upon the foregoing papers, and after oral argument, Penske's Motion is decided as follows:

On May 13, 2021, Defendant LARRY LAHMEL ROBINSON ("Robinson") was operating a truck, owned by Penske and leased to Silvera ("Penske truck"), within the scope of his

1

employment with Silvera. The Penske truck collided with the rear of Plaintiff's motor vehicle ("Accident").

In support of their motion, Silvera and Robinson argues that Penske may be liable for negligently maintaining the brakes of the Penske truck. In support, Silvera cites to two brake test failures conducted by Penske, and a statement allegedly made by a prior Silvera employee about the condition of the Penske truck's brakes three to four months prior to the Accident. In addition, Silvera argues that the indemnification provision of the lease agreement between Penske and Silvera ("lease agreement") is void and unenforceable as it violates General Obligations Law ("GOL") §5-321.

In opposition, Penske asserts that it was not negligent in the maintenance of the Penske truck. Penske adjusted and corrected the brake issues and released the Penske truck in good working condition to Silvera. In addition, the Penske truck passed a State inspection eight days prior to the Accident. Furthermore, Penske asserts that, pursuant to the lease agreement, they are entitled to indemnification from Silvera.

Plaintiff concedes that the Graves Amendment precludes his vicarious liability claims against Penske. Silvera and Robinson take no position on Plaintiff's vicarious liability claim. As such, the portion of Penske's motion for partial summary judgment on the issue of vicarious liability is **granted**.

A defendant establishes that it is free from negligence by demonstrating that it exercised reasonable care in maintaining the subject vehicle and that it was in good condition at the time of the Accident. (*Ballatore v. HUB Truck Rental Corp.*, 83 AD3d 978 [2d Dept 2011]; *Leggio v. Gearhart*, 294 AD2d 543 [2d Dept 2002]).

2

A defendant establishes its *prima facie* entitlement to summary judgment by providing evidence that the brakes of the subject vehicle involved in an Accident were functioning adequately for a period of days prior to the Accident and immediately before the collision. (*Vaccariello v. Meineke Car Care Ctr., Inc.*, 136 AD3d 890 [2d Dept 2016] [internal citation omitted]). In opposition, a non-moving party must "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim." (*Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 [1980]).

In the instant action, Penske introduced the deposition testimony of two of its employees. Both employees testified that the Penske truck was in good working condition when it was released to Silvera, with all existing brake issues adjusted and corrected. Furthermore, the Penske truck subsequently passed a State Required Admissions Inspection on May 5, 2021—eight days before the Accident. Contrary Penske's evidentiary proof, their service manager, Jeffrey Kowalski, also testified that, one month before the accident, as well as three months after the accident, the truck in question failed the "One Minute Brake Test" and also needed adjustments due to not meeting Department of Transportation requirements in terms of "Stroke" Measurements. As such, questions of fact exist as to whether Penske may be held liable to Plaintiff, Silvera, and/or Robinson for its own acts and omissions, including its negligent, improper and/or inadequate maintenance of the vehicle and all claims relating to maintenance of the vehicle involved in the Accident.

Courts have long recognized that indemnification agreements will be enforced, even where they provide indemnity for a party's own negligence. (*Sherry v. Wal-Mart Stores East, L.P.*, 67 AD3d 992 [2d Dept 2009]). An exception to this general rule exists in GOL § 5-321, which states: "Every covenant, agreement or understanding in or in connection with or collateral to any lease of

3

[* 3]

real property exempting the lessor […] from the negligence of the lessor […] shall be deemed to be void as against public policy and wholly unenforceable."

Here, the GOL applies to real property, not motor vehicle lease agreements. Parties are entitled to contractual indemnification where the applicable indemnity provision is "not subject to any section of the General Obligations Law that would render it void as against public policy for purporting, on its face, to indemnify the [parties seeking indemnification] for their own negligence[.]" (*Gortych v. Brenner*, 83 AD3d 497, 498 [1st Dept 2011]). As such, the indemnity provision in the lease agreement for the Penske truck is enforceable and Penske is entitled to indemnification and/or contribution from Silvera.

Accordingly, it is hereby

**ORDERED** that the portion of Penske's motion for partial summary judgment on the vicarious liability claim is **GRANTED**; and it is further

**ORDERED** that the portion of Penske's motion for summary judgment dismissing Silvera's negligent maintenance is **DENIED**. The portion of Penske's motion for summary judgment for common law indemnification, contractual indemnification, and contribution against Silvera is **GRANTED**.

This constitutes the Decision and Order of the Court.

ENTER:

Date: 7/7/2025

Hon. Carolyn E. Wade

**HON.** CAROLYN E. WADE
**JUSTICE** OF THE SUPREME COURT

[* 4]